THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE WOODHAVEN GAS LIGHT COMPANY, Appellant, *v.* JAMES F. DEEHAN, as Street Commissioner of the Village of Richmond Hill, Respondent.

1. PUBLIC GRANTS — CONSTRUCTION. The rule that public grants are to be construed strictly against the grantee means simply that nothing shall pass by implication except it be necessary to carry into effect the obvious intent of the grant.

2. INTENTION OF PARTIES. The obvious intention of the parties, when expressed in plain language, cannot be ignored in a public any more than in a private grant.

3. GAS LIGHT COMPANIES — EXTENT OF GRANT BY MUNICIPAL AUTHORITIES OF PERMISSION TO LAY PIPES IN STREETS. A grant by the authorities of a town to a gas light company incorporated under the statute (L.

1848, ch. 37), of power to lay conductors "for conducting gas in and through the public streets and highways of said town," without any expressed limitation, is not to be deemed restricted to existing streets and highways, but is to be construed as extending to streets and highways as subsequently enlarged, changed or opened.

4. FRANCHISE.  Such a consent by the authorities of a town, under the statute, confers upon the gas light company a franchise to carry on its business in the town and to lay conductors in the streets and highways for the purpose of delivering gas.

5. PROPERTY.  Such a franchise is property, of which the gas light company cannot be divested except for cause and by due legal process.

6. VILLAGE INCORPORATED IN TOWN.  If a portion of the town for which such consent was granted is thereafter incorporated into a village, the change from town to village government does not change the rights of the gas light company; and its franchise cannot be destroyed or taken from it by the arbitrary act of the village authorities in refusing to permit the company to lay its conductors in a street within the village limits, opened subsequently to the grant.

7. POWER OF VILLAGE AUTHORITIES.  While the authorities of such a village, incorporated within the town subsequently to the grant of an unrestricted consent to a gas light company to lay conductors in the streets and highways of the town, can enact reasonable regulations with respect to all interference with the streets within the village limits, they cannot lawfully refuse to permit the company to exercise the right granted to it under sanction of the statute.

*People ex rel. Woodhaven Co.* v. *Deehan*, 11 App. Div. 175, reversed.

(Argued June 22, 1897; decided October 5, 1897.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 4, 1897, which reversed an order of Special Term granting a peremptory writ of mandamus.

The facts, so far as material, are stated in the opinion.

*Paul E. De Fere* for appellant.  The intention of the legislature was the formation of corporations empowered to light the streets, etc., of the town; not any given streets, not some streets, nor even "streets," but the streets; *i. e.*, all the streets. And in the grant of power, the legislature gave the corporations formed under the acts the right to lay conductors through the streets, lanes, alleys, squares and highways of the town, with the consent of the municipal authorities thereof; not

merely through such streets as to which the consent of the authorities might be obtained, but through all the streets, with the one consent; there is no provision for more than one consent; no consent to be from time to time obtained; no "consents," but one "consent." (*State ex rel.* v. *City of Hamilton*, 47 Ohio St. 52; L. 1848, ch. 37; L. 1871, ch. 95; Dwight on Stat. 583; *Rex* v. *Ramsgate*, 6 B. & C. 712; *Delafield* v. *Brady*, 108 N. Y. 529; *City of Brooklyn* v. *Jourdan*, 7 Abb. [N. C.] 25; *People* v. *O'Brien*, 111 N. Y. 1; *F. L. & T. Co.* v. *N. R. & P. R. Co.*, 57 Hun, 377; 126 N. Y. 624; *Miner* v. *N. Y. C. & H. R. R. R. Co.*, 123 N. Y. 242; 46 Hun, 612; *Moran* v. *Lydecker*, 11 Abb. [N. C.] 303.) The village took the highway into its corporate limits charged with the *quasi* lien thereon of the relator's franchise. (*In re L. I. W. S. Co.*, 30 Abb. [N. C.] 36; *S. R. T. Co.* v. *Mayor*, *etc.*, 128 N. Y. 515; *S. J. & I. R. Co.* v. *Shambaugh*, 106 Mo. 557.)

*Arthur M. Sanders* for respondent.

O'BRIEN, J. The relator is a domestic corporation organized under chapter 37 of the Laws of 1848 for the purpose of supplying gas for lighting the streets, public places and private buildings in the town of Jamaica in the county of Queens.

The statute confers power upon such corporations to furnish such quantities of gas as may be required in the city, town or village, where the same may be located, for lighting the streets and public or private buildings or for other purposes, and to lay conductors for conducting gas through the streets, lanes, alleys, squares and highways in such city, village or town with the consent of the municipal authorities thereof and under such reasonable regulations as they may prescribe. In the year 1871, after the relator was incorporated, the municipal authorities of the town of Jamaica, composed of the supervisor, three justices of the peace, commissioners of highways and town clerk, granted the consent required by the statute that gas conductors might be placed in the streets

and highways of the town. This consent is in the following terms :

"We, the undersigned, Supervisor, Town Clerk, Justices of the Peace, and Commissioners of Highways of the Town of Jamaica, in the County of Queens and State of New York, do hereby consent that the Woodhaven Gas Light Company may have the power, and the same is hereby conferred upon and granted to them, of laying conductors for conducting gas in and through the public streets and highways of said Town of Jamaica, and we do hereby exempt the said Woodhaven Gas Light Company from taxation on their personal property for the period of three years from the organization of said Company."

This grant by its terms is plainly co-extensive with the limits of the town and was not confined to any particular street, highway or other local division.

It appears that in the year 1894 a portion of the town of Jamaica was incorporated into the village of Richmond Hill for the purpose of village government, but it still remained part of the town as before. The trustees of the village proceeded to make ordinances and regulations with respect to the use of the streets, and, among other things, enacted that no person should alter or disturb the grade of any street or public place without a permit from the street commissioner; and that no person or corporation shall dig in or upon any street or public place without such permit. The relator applied to the defendant, who is the street commissioner of the village, for the necessary permit to lay its pipes and conductors in that part of Broadway, one of the streets or highways of the town, which was embraced within the village limits, offering at the same time to comply with all the requirements and conditions of the ordinance. The permit was refused and the relator applied for a peremptory mandamus requiring the defendant to issue the permit upon compliance with all the requirements of the ordinance.

The court at Special Term granted the writ, but the order has been reversed by the Appellate Division. The learned

court below, in the opinion reversing the order, concedes two propositions that have an important bearing upon the merits of the application : (1) That the consent of the town authorities conferred upon the relator a franchise to carry on its business in the town and to lay conductors in the streets and highways for the purpose of delivering gas. That such a franchise is property that cannot be destroyed or taken from it or rendered useless by the arbitrary act of the village authorities in refusing the permit to place the conductors under the streets. (*People* v. *O'Brien*, 111 N. Y. 41 ; *City of Brooklyn* v. *Jourdan*, 7 Abb. N. C. 25.) (2) That the change from town to village government did not change the rights of the relator, since it could not be divested of the franchise or of its property except for cause and by due legal process. The authorities of the new village could enact reasonable regulations with respect to all interference with the streets, but they could not lawfully refuse to permit the relator to exercise a right which had been expressly granted to it under the sanction of law.

The learned court below reversed the order in favor of the relator, solely upon a construction of the grant which, we think, is altogether too narrow. It was held that the consent of the town authorities applied only to streets and highways then existing, and not to streets and highways thereafter opened or used, and that since that part of Broadway in the village, newly incorporated from the town, did not exist as a street or highway when the grant was made, the right to lay conductors in that street had never been acquired by the relator. The rule that public grants are to be construed strictly against the grantee means simply that nothing shall pass by implication except it be necessary to carry into effect the obvious intent of the grant. But the obvious intention of the parties, when expressed in plain language, cannot be ignored in a public any more than in a private grant. A construction that would lead to false consequences or unjust or inconvenient results, not contemplated or intended, should be avoided in a grant as well as in a statute.

It is well known that business enterprises such as the relator is engaged in are based upon calculations of future growth and expansion.

A franchise for supplying gas not only confers a privilege, but imposes an obligation, upon the corporation to serve the public in a reasonable way. The relator is bound to supply gas to the people of the town upon certain conditions and under certain circumstances, and it would be most unjust to give such a construction to the consent as to disable it from performing its obligations. It cannot reasonably be contended that the relator is obliged to apply for a new grant whenever a new street is opened or an old one extended, as would be the case if the consent applied only to the situation existing when made. When the right to use the streets has been once granted in general terms to a corporation engaged in supplying gas for public and private use, such grant necessarily contemplates that new streets are to be opened and old ones extended from time to time, and so the privilege may be exercised in the new streets as well as in the old. Such a grant is generally in perpetuity or during the existence of the corporation, or at least for a long period of time, and should be given effect according to its nature, purpose and duration. There is no good reason for restricting its operation to existing highways unless that purpose appears from the language employed. It is not claimed that any such limitation was expressed, and none can be implied from the nature of the case. The language of the consent confers the right to place the conductors in the streets, upon compliance with reasonable regulations, not only as the streets then existed, but as subsequently enlarged or changed. That is what the grant contemplated when made, and such is the fair meaning of the language used.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs.

All concur, except GRAY, J., absent, and VANN, J., dissenting.

Order reversed.