work. All that was necessary was to place the boards there at hand one above the other, two or three thicknesses, instead of placing only one thickness over the opening. In Kimmer v. Weber, supra, it was also held that the master is not liable to his servant for the negligent performance of some detail of the work intrusted to the servant, whatever may have been the grade of the servant who executed such detail. In Golden v. Sieghardt, 33 App. Div. 161, 163, 53 N. Y. Supp. 460, 461, the rule is stated by Mr. Justice Rumsey as follows:

"When anything is connected with the work, and is an essential part of its performance, is done by persons who are engaged in the prosecution of the work, and is necessary to be done to insure the completion of the work, that thing is a detail of the work, within this rule. Especially is this so when the work itself is the making of a place where it is to be done. Where that is the case, the rule which requires the master to provide a reasonably safe place for his servants in which to do their work has no application."

In the case at bar, under the construction of the evidence most favorable to the plaintiff, he, with the foreman, was engaged in making a place in which to work,—a place from which they could more conveniently open the car in question. If the place thus made by them was unsafe, it was their own fault, and the defendant is not liable. To the same effect are Carpasso v. Woolfolk, 163 N. Y. 472, 57 N. E. 760; Kiffin v. Wendt, 39 App. Div. 229, 57 N. Y. Supp. 119, and cases cited.

We think the provisions of the labor law to which our attention has been called by the plaintiff's counsel have no application to the facts of this case. It may be doubted whether the plaintiff gave sufficient evidence to absolve himself from the charge of contributory negligence. As we have seen, he deliberately walked upon a board only an inch thick and eight or ten inches in width, placed over a hole some forty feet deep, and in addition put upon it the strain caused by attempting to pry open the door of the car with an iron bar, without making any examination or investigation to ascertain whether such board was of sufficient strength to support his weight and such strain; and, as we have seen, he did not attempt to make the boards safe, which he could easily have done by putting two or more boards together, there being plenty of them at hand for that purpose. But it is unnecessary to decide that question, as we think, for the other reasons stated, the plaintiff's exceptions should be overruled, and judgment directed for the defendant, with costs.

Plaintiff's exceptions overruled, motion for new trial denied, and judgment ordered on the verdict, with costs. All concur.

(64 App. Div. 41.)

### HALLERAN v. BELL TEL. CO. OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

1. HIGHWAYS—ABUTTING OWNERS—ADVERSE POSSESSION.

Where plaintiff's deed conveyed up to a highway, and not to the center thereof, and he had never regularly cultivated the side of the road, he could not claim title therein by adverse possession, since Code Civ. Proc. § 372, provides that possession is held adversely only when the land is protected by a substantial inclosure, or is usually cultivated.

**2. SAME—RIGHTS IN HIGHWAYS—TELEPHONE POLES.**

When the owner of land adjoining a highway does not own any interest in the highway, and his rights as an abutting owner are not interfered with by the erection of telephone poles along the highway, he cannot maintain an action for their removal.

Appeal from special term, Genesee county.

Proceedings by Maurice J. Halleran against the Bell Telephone Company of Buffalo. From a judgment dismissing the complaint, the plaintiff appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

Arthur E. Clark, for appellant.
John G. Milburn, for respondent.

RUMSEY, J. This action was originally begun by Maurice Halleran, the plaintiff's ancestor, who was the owner of certain lands situate on a public highway in the county of Genesee, to compel the removal of certain telephone poles erected by the defendant in front of his lands. It is conceded that the plaintiff has no record title to the land to the center of the highway, but that the property to which he has title extends only to the side of the road. The highway is 100 feet wide, and was laid out many years ago. The title to it, so far as appears, is in the Holland Land Company, which conveyed by deed to the defendant the right to erect its poles along the highway. It is found by the learned court below that the poles erected in front of the plaintiff's land have not caused any substantial damage to any easement of light, air, and access which the owner of the land has in the highway. The learned court below dismissed the complaint. From the judgment entered upon his decision, this appeal is taken.

We have examined this case with considerable care, not because, in our judgment, there is any difficulty in deciding the questions presented, but because we were advised by the counsel for the appellant that many other cases involving the same questions are pending in the courts, and we desire to settle, so far as this court may do so, the rules which are applicable to these cases.

The plaintiff, although admitting that he has no record title to the highway in front of his premises, insists that he has acquired title thereto by adverse possession. It appears that the plaintiff and his predecessors in title have from time to time, as required by statute, cut down the weeds growing in the highway in front of his premises; that once in seven or eight years he has cultivated the land extending from the sides of the road out to the beaten track, sowed crops, and seeded it, and has taken off the crops from time to time, and cut the grass there growing. He has not in any way inclosed it, nor has his occupation of it been exclusive, or interfered with the rights of passage of any one desirous of traveling upon the highway clear up to his fence. Without, therefore, considering whether, under any circumstances, one can obtain an adverse title to a highway in front of his land, we think no adverse title has been acquired in this case; because, as the plaintiff admits that

there was no written instrument conveying title, he could not have obtained title by adverse possession unless he had inclosed the land, or customarily cultivated it (Code Civ. Proc. §§ 371, 372), and such cultivation must be notorious, hostile, and exclusive, and, unless the adverse possession has those qualities, it is never effectual as the foundation of a claim of adverse title.

The case must therefore be disposed of in view of the fact that the plaintiff has no title whatever to the highway, and he has no other or different right to it than has any one of the public, except, so far as being an abutting owner, it is necessary for him to use the highway as a means of access to his premises. An encroachment, which does not interfere with the right of passage over a highway, gives no right to a citizen, who is not to some extent inconvenienced by it, to interfere with it. It certainly gives him no right to require its removal. If it constitutes a nuisance, and interferes with the general right of the public, the public alone can compel its removal; but no private individual can interfere with it, except so far as it constitutes as to him a private nuisance. The finding is that the telephone poles do not interfere in any degree with any right which the plaintiff has as an abutting owner. When that fact was made to appear, we are utterly unable to conceive of any reason why the plaintiff should be entitled to maintain this action. If the plaintiff were the owner of the land to the center of the highway, he would have his right of action either for damages caused by the erection of the poles and the cutting of his trees, or perhaps would be entitled to an injunction to compel the removal of the poles. Eels v. Telegraph Co., 143 N. Y. 133, 38 N. E. 202, 25 L. R. A. 640; Dusenbury v. Telegraph Co., 11 Abb. N. C. 440.

It is unnecessary to say whether, in view of the small amount of damage suffered by the plaintiff, he could maintain an action to compel the removal of the poles, or whether he would be remitted to his action at law for damages or ejectment, but, if he were the owner of the highway, he would have some right of action, as is established by the cases just cited. But in the present case, except so far as the erection of the poles has interfered with the plaintiff's right of access to his own land, he has not suffered any damage, and he cannot maintain an action to compel the removal of the poles.

For these reasons, the judgment must be affirmed, with costs. All concur.