NORTHERN WESTCHESTER LIGHTING CO. v. PRESIDENT AND TRUSTEES OF VILLAGE OF OSSINING.

(Supreme Court, Appellate Division, Second Department.   January 10, 1913.)

1. MUNICIPAL CORPORATIONS (§ 658*)—STREETS—RIGHTS OF MUNICIPALITY.

The only interest of a municipal corporation in its streets is that of the public in the highways, and it has no interest in protecting the rights of abutting owners of the fee against interference with the highway by third persons without the consent of such owners.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1430; Dec. Dig. § 658.*]

2. GAS (§ 7*)—GAS COMPANIES—"FRANCHISES."

Transportation Corporations Law (Consol. Laws 1909, c. 63) § 60, provides for the incorporation of gas companies and for naming the towns, villages, cities, and counties in which their operation is to be carried on. Section 61 provides that, if incorporated to supply gas for light, they shall have power to manufacture gas and to acquire natural gas by purchase or otherwise, and to sell and furnish gas in such quantities as may be required in each city, town, and village named in the certificate of incorporation for lighting the streets and public or private places, or for other purposes, and to lay conductors for conducting gas through the streets of each such city, village, and town with the consent of the municipal authorities, and under such reasonable regulations as the authorities may prescribe.   Held, that the statute constitutes the franchise of the company, and the consent of the municipal authorities merely makes it operative within that municipality.

[Ed. Note.—For other cases, see Gas, Cent. Dig. § 2; Dec. Dig. § 7*

For other definitions, see Words and Phrases, vol. 3, pp. 2929-2942; vol. 8, p. 7666.]

3. GAS (§ 7*)—GAS COMPANIES—CONSENT TO USE OF STREETS—EFFECT.

When the municipal authorities consent to the use of its streets by such company, the company is entitled to exercise within the municipality all the powers given by the statute during the whole term of its corporate existence, and hence may lay conductors in the streets for the purpose of supplying gas, not only in that particular municipality, but in other towns and villages mentioned in the charter.

[Ed. Note.—For other cases, see Gas, Cent. Dig. § 2; Dec. Dig. § 7.*]

Appeal from Trial Term, Westchester County.

Action by the Northern Westchester Lighting Company against the President and Trustees of the Village of Ossining.  From a judgment enjoining defendant from interfering with the laying of gas pipes in the village of Ossining, defendants appeal.  Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

T. G. Barnes, of Ossining, for appellants.
Frank L. Young, of Ossining, for respondent.

WOODWARD, J.  The plaintiff, as the successor to the Northern Westchester Light and Power Company by a merger, was on the 28th day of April, 1912, engaged in laying its gas mains or conductors in the streets specified in the complaint for the purpose of supplying its customers in the village of Ossining with gas, and extending its said

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

gas mains beyond the limits of the village of Ossining to and through the village of Briarcliff Manor, and to and through the village of Pleasantville, when the defendant by force drove the plaintiff's employés from their work and prevented the laying of the pipes. The plaintiff thereupon brought this action to restrain the defendants from interfering with the work, and a preliminary injunction issued, which, upon the trial of the action, was made permanent, and the defendants appeal from the judgment.

[1] The defendants urge that they are unable to find any law giving the authorities of one municipality the right to grant to a gas company the power to tear up its streets, without consent of abutting owners, to lay pipes to supply gas to an outside municipality. It may be remarked, in passing, that the defendants have no interest in the question of the rights of abutting owners. Their only interest in the streets of the village of Ossining is that of the public in the highways, and, whatever rights the owners of the fee may have, these are not within the control of the officers of the municipality.

[2, 3] With this question out of the way, it is clear to our mind that sections 60 and 61 of the Transportation Corporations Law fully provides for doing just what the plaintiff was attempting to do when the defendants interfered. Section 60 provides for the incorporation of gas companies, and for naming the towns, villages, cities, and counties in which the operations of the corporation are to be carried on, and section 61 provides that, if incorporated for the purpose of "supplying gas for light," it shall have the additional powers—

"to manufacture gas, and to acquire by purchase or otherwise natural gas, and to sell and furnish such quantities of gas as may be required in each city, town, and village named in its certificate of incorporation, for lighting the streets, and public or private buildings or for other purposes; and to lay conductors for conducting gas through the streets, lanes, alleys, squares, and highways, in each such city, village, and town, with the consent of the municipal authorities thereof, and under such reasonable regulations as they may prescribe. * * * Any corporation authorized under any general or special law of this state to manufacture and supply gas shall have the like powers and privileges."

Here is clearly ample authority for the plaintiff in this action, organized, as it is, for the purpose of supplying gas for light, to make use of the streets of the village of Ossining, either to supply that municipality with gas, or for the purpose of supplying any of the other villages or towns named in its certificate of incorporation, provided it has the consent of the municipal authorities. There is no dispute that on or about the 7th day of March, 1905, the defendant granted to the Northern Westchester Light & Power Company (the plaintiff being its successor) the right to lay its conductors for conducting gas through the streets of Ossining, without limitation, but it is contended by the defendants that this consent did not operate to give the plaintiff the right to run its conductors through said village for the purpose of supplying other municipalities. We are clearly of the opinion that the resolution adopted by the defendants in March, 1905, could not have the restricted effect which is here contended for, because the statute under which the consent was given constituted the franchise

of the corporation, and gave it the power to run its conductors through "each such city, village and town," referring to the cities, villages, and towns named in its charter where the business was to be carried on. When the village of Ossining gave its consent, it merely made the franchise operative in that municipality, and it became entitled to exercise within that village all of the powers given by the statute during the whole term of its corporate existence. People ex rel. Woodhaven Gas Co. v. Deehan, 153 N. Y. 528, 47 N. E. 787. The statute clearly contemplated that the gas need not be manufactured in each community, for it is expressly provided that the corporation shall have the power to "acquire by purchase or otherwise natural gas and to sell and furnish such quantities of gas" as may be necessary, thus clearly indicating that the conductors were for the purpose of distributing to the various villages and towns which might be included in the certificate of incorporation.

In this view of the matter, it is clearly immaterial that the court excluded evidence of admissions on the part of the plaintiff's superintendent that the work being done was for the purpose of supplying the other towns and villages mentioned in its charter, and the evidence of such superintendent, called by the defendants, assuming that it established the fact, would have no bearing upon the proper disposition of this appeal.

The judgment appealed from should be affirmed, with costs. All concur.