## CHICAGO & NORTHWESTERN RAILWAY COMPANY *v.* OCHS, DOING BUSINESS UNDER THE NAME OF A. C. OCHS BRICK & TILE COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 159. Argued January 20, 1919.—Decided April 14, 1919.

Under the law of Minnesota a siding built by a railroad to reach a private plant under the circumstances in this case becomes a public track, part of the railroad's system and property and wholly under its control. P. 419.

Within the limits of what is reasonable, and not arbitrary, a State, upon due notice and opportunity for hearing, may require a railroad company to alter and extend a side track, as a public track, and as part of the railroad's property and system, for the purpose of serving a private plant, but for all others as well who may have occasion to use it, and may require the railroad to share the expense of construction; and this does not take the railroad's property for private use, or without compensation for public use, in violation of the due process clause of the Fourteenth Amendment. P. 420.

In determining whether such a requirement is within the bounds of reasonable regulation or essentially arbitrary, not only the expense, but also the nature and volume of business to be affected, the revenue derivable from it, the character of the facility required, the need for it and the advantage to shippers and the public, are to be considered. P. 421.

35 Minnesota, 323, affirmed.

THE case is stated in the opinion.

*Mr. Richard L. Kennedy,* with whom *Mr. L. L. Brown, Mr. W. D. Abbott* and *Mr. S. H. Somsen* were on the briefs, for plaintiff in error:

That the order for construction and maintenance of this trackage, which involves an expenditure of money and the taking of a part of the railway right of way,

amounts to a taking of the railway company's property, there can be no question. *Missouri Pacific Ry. Co. v. Nebraska,* 217 U. S. 196; *Great Northern Ry. Co. v. Minnesota,* 238 U. S. 340; *Chicago, Milwaukee & St. Paul Ry. Co. v. Wisconsin,* 238 U. S. 491; *Oregon R. R. & Nav. Co. v. Fairchild,* 224 U. S. 510; *Missouri Pacific Ry. Co. v. Nebraska,* 164 U. S. 403.

Any freight revenue that may come to the railway company by reason of the construction of this trackage, if any, must be in the way of reasonable and legal charges made to all shippers for services performed as a common carrier and not as compensation for the taking of its property. *Chesapeake & Ohio Ry. Co. v. Lumber Co.,* 174 Fed. Rep. 107.

Also the taking of property and the fixed right to compensation therefor must coincide although payment may be deferred. The right must be fixed. *Chicago, Milwaukee & St. Paul Ry. Co. v. Wisconsin, supra; Missouri Pacific Ry. Co. v. Nebraska,* 217 U. S. 196; *Sweet v. Rechel,* 159 U. S. 380.

Property cannot be taken under the police power for private use at all or for public use without compensation.

The track is not a public one under the law of Minnesota.

Since the rendition of the judgment, the railroad has been taken over by the United States Railroad Administration, so that the order cannot be complied with.

*Mr. Henry C. Flannery,* with whom *Mr. Clifford L. Hilton* and *Mr. August G. Erickson* were on the brief, for defendant in error.

Mr. Justice Van Devanter delivered the opinion of the court.

An order of the Railroad and Warehouse Commission of Minnesota requiring a railroad company to alter and

extend a side track leading from its main line to an adjacent brick and tile manufacturing plant is here in question. The order was made under a local statute (Gen. Stats., 1913, §§ 4231, 4284) on complaint of the owner of the plant, after due notice and full hearing, and on successive appeals was sustained by the district court of the county and the Supreme Court of the State. 135 Minnesota, 323.

The principal controversy before the commission was as to who should bear the cost of the work. The railroad company objected to bearing any part and the owner of the plant was not willing to bear all. If the cost was put on the latter, the railroad company was ready to make the alteration and extension. The statute, as construed by the Supreme Court of the State, authorized the commission, if it ordered the work done, to make a reasonable apportionment of the cost. *State* v. *Chicago, Milwaukee & St. Paul Ry. Co.*, 115 Minnesota, 51. By the order the commission practically assigned two-thirds to the railroad company and one-third to the owner of the plant, and required the latter to secure the right of way at its own expense and to invest the railroad company with a perpetual right to use the same for railroad purposes.

In the state courts the railroad company, without questioning the terms of the apportionment, if the cost was to be divided, contended that the statute as construed and the order as made were repugnant to the due process of law clause of the Fourteenth Amendment, in that to require the company to bear any part of the cost was to take its property for a private use without its consent, or, if the use were public, to take the property for such use without compensation. Both phases of the contention were overruled and this is the matter on which error is assigned.

The facts are not in dispute and are these:

The plant is about a quarter of a mile from the railroad

company's station at Springfield, Minnesota, a place of over 1,500 inhabitants, and has been in operation as much as twenty years. During that time the railroad company has maintained and operated a side track leading from its main line to the plant and the products of the latter have been shipped out and fuel and other supplies shipped in over this track. The railroad company has been free to use the track for other purposes and has done so occasionally. The yearly shipments from the plant have been about 250 car loads and those to the plant about 50 car loads, the freight charges thereon exceeding $10,000. Without the side track the plant would be a failure and the public would be without its products; with it the plant is a success and the products reach and are used by the public. The demand for the products has come to exceed greatly the capacity of the plant and the owner is now enlarging it at a cost of $150,000. The output, as also the aggregate freight charges, will be more than doubled thereby. The entire output moves over this railroad, no other being accessible. To serve the enlarged plant and handle the increased shipments, out and in, the present side track—about 460 yards—must be rearranged and extended about 350 yards. The estimated cost of the work according to plans substantially agreed on will be about $2,300.

Under the settled rule in Minnesota a side track such as is in question here is not merely a private siding, but "additional trackage for public use." If need be the right of way for it may be acquired by condemnation. It becomes the property of the railroad company and an integral part of its railroad system, and is wholly under its control. Besides enabling the public to get the products of the industry served, it is at the service of all who have occasion to use it and must be operated accordingly. *Range Sand-Lime Brick Co. v. Great Northern Ry. Co.*, 137 Minnesota, 314, and cases cited.

Of such a track and of the power of the State to impress on it a public character this court said in *Union Lime Co.* v. *Chicago & Northwestern Ry. Co.*, 233 U. S. 211, 222:

"'The uses for which the track was desired are not the less public because the motive which dictated its location over this particular land was to reach a private industry, or because the proprietors of that industry contributed in any way to the cost.'[1] There is a clear distinction between spurs which are owned and operated by a common carrier as a part of its system and under its public obligation and merely private sidings. [Citing cases.]

"While common carriers may not be compelled to make unreasonable outlays (*Missouri Pacific Rwy. Co.* v. *Nebraska*, 217 U. S. 196), it is competent for the State, acting within the sphere of its jurisdiction, to provide for an extension of their transportation facilities, under reasonable conditions, so as to meet the demands of trade; and it may impress upon these extensions of the carriers' lines, thus furnished under the direction or authority of the State, a public character regardless of the number served at the beginning. The branch or spur comes into existence as a public utility and as such is always available as localities change and communities grow."

In our opinion the conditions here were such as to bring the action of the State through its legislature and commission within the range of that power.

Recognizing then that the side track is for a public and not a private use, we come to the question whether requiring the railroad company to bear a part of the cost involves a taking of its property without compensation.

As a common carrier a railroad company assumes and must discharge the obligations which inhere in the nature of its business. Among these obligations is that of providing reasonably adequate facilities for serving the

[1] *Hairston* v. *Danville & Western Ry. Co.*, 208 U. S. 598, 608.

public. *Northern Pacific Ry. Co. v. North Dakota*, 236
U. S. 585, 595. To do this requires an expenditure of
money, of course, but the expenditure is for property
which will belong to the company and be employed in its
business. The money is not taken from the company
and given to others, nor is the use of the facilities to be
uncompensated. Like other property employed by the
company in the transportation of persons or property,
the facilities have a real bearing on the rates which it is
entitled to charge. Therefore an enforced discharge of
the duty to provide such a facility does not amount to a
taking of property without compensation merely because
it is attended with some expense. *Wisconsin, Minnesota
& Pacific R. R. Co. v. Jacobson*, 179 U. S. 287, 302; *Min-
neapolis & St. Louis R. R. Co. v. Minnesota*, 193 U. S.
53; *Atlantic Coast Line R. R. Co. v. North Carolina Cor-
poration Commission*, 206 U. S. 1, 26–27; *Missouri Pacific
Ry. Co. v. Kansas*, 216 U. S. 262, 278–279; *Oregon R. R.
& Navigation Co. v. Fairchild*, 224 U. S. 510, 529; *Michigan
Central R. R. Co. v. Michigan Railroad Commission*, 236
U. S. 615, 631; *Chesapeake & Ohio Ry. Co. v. Public Serv-
ice Commission of West Virginia*, 242 U. S. 603.

Of course, the expense is an important element to be con-
sidered in determining whether the requirement is within
the bounds of reasonable regulation or is essentially ar-
bitrary, but it is not the only one. The nature and volume
of the business to be affected, the revenue to be derived
from it, the character of the facility required, the need for
it and the advantage to be realized by shippers and the
public are also to be considered. Tested by these criteria
we think the order in question is not arbitrary, but rea-
sonable.

The case of *Missouri Pacific Ry. Co. v. Nebraska*, 217
U. S. 196, on which the railroad company relies, is plainly
distinguishable. The Nebraska statute there condemned,
as applied by the state court, required the company to

bear the cost of "reduplicating already physically ade-
quate accommodations," on the demand and for the bene-
fit of certain shippers, and this in the absence of exceptional
circumstances, if any there could be, making such an
extraordinary requirement reasonable. Besides, the stat-
ute made no provision for a preliminary hearing before
an administrative body and yet subjected the company
to the risk of a fine of at least five hundred dollars if it
awaited a hearing in court on the reasonableness of the
demand.

Here there was provision for a full hearing before the
commission and also in the district court of the county.
Both found the existing facilities inadequate, and there
was ample evidence to sustain the finding; so the order
cannot be regarded as calling for a reduplication of what
already is supplied.

*Judgment affirmed.*