NEW YORK EX REL. WOODHAVEN GAS LIGHT COMPANY *v.* PUBLIC SERVICE COMMISSION.

ERROR TO THE SUPREME COURT OF NEW YORK.

No. 33. Argued October 12, 1925.—Decided November 23, 1925.

1. A case involving the validity of an order requiring a gas company to extend its mains did not become moot through the act of the

company in making part of the specified extensions since suing out
its writ of error.  P. 246.

2. In determining whether an order of a state commission requiring
a gas company to extend its main pipes is repugnant to the due
process clause of the Fourteenth Amendment, the court will not
substitute its own judgment for the determination of the Commission as to what extensions are reasonable; but it will consider the
advantages to result to the public, the investment required for
the necessary additions, the cost of furnishing gas to the added
territory and the effect of the new service on the company's income
as a whole, and decide whether the power to regulate was so used
as to exceed the exercise of reasonable judgment and amount to
an infringement of the right of ownership.  P. 248.

3. Upon the facts in this case, it reasonably may be held that the
location, present development and prospects of growth of the communities ordered to be served justify the extension to them of gas
service if a non-confiscatory rate can be obtained.  P. 248.

4. The reasonableness and validity of an order requiring a gas company to extend its service, are not dependent upon whether the
maximum price which the company is permitted by statute to
charge for its gas is or is not compensatory, where the order does
not deal with rates and no reason appears why the company may
not protect itself against inadequate rates by appropriate proceedings in that regard.  P. 249.

203 App. Div. (N. Y.) 369; 236 N. Y. 530, affirmed.

Error to a judgment of the Supreme Court of New
York, Appellate Division, after affirmance by the Court
of Appeals, confirming an order of the Public Service Commission directing the Gas Company to extend its mains
to furnish gas to designated communities.

*Mr. Jackson A. Dykman,* with whom *Mr. William N.
Dykman* was on the brief, for plaintiff in error.

*Mr. Edward M. Deegan,* with whom *Mr. Charles G.
Blakeslee* was on the brief, for defendant in error.

Mr. Justice Butler delivered the opinion of the Court.

The gas company challenges the validity of an order
of the Public Service Commission on the ground that it

confiscates the company's property, is arbitrary and capricious, and therefore repugnant to the due process clause of the Fourteenth Amendment.

The order was made April 20, 1920, and directed the company to extend its mains to furnish gas to the residents of five communities—Locust Manor, Locust Lawn, South Jamaica Place, Springfield, and Laurelton,—in the Borough of Queens, New York City; and that the extensions be completed and put in service by November 1, 1920. On the petition of the company the proceedings were taken on writ of certiorari to the Appellate Division of the Supreme Court of the State, and were there confirmed. 203 App. Div. 369. The order of that court was affirmed by the Court of Appeals. 236 N. Y. 530. The case is here under § 237 of the Judicial Code.

At the argument in this court, October 12, 1925, the commission suggested that no real controversy exists; and, upon leave granted, filed a motion to dismiss. The grounds asserted are that, since the writ of error issued June 5, 1923, the company has laid mains to serve two of the communities and, as a part of its present plan to furnish gas to the other places named in the order, has laid mains in adjacent territory. Affidavits were filed by the commission in support of the motion, and by the company in opposition. Taken together they show that the order has not been complied with; that a part of the extensions ordered has been laid, but that the company has not planned, and does not intend, presently to lay the mains necessary to furnish gas to all the communities directly to be served. The company is unwilling fully to comply with the order and maintains that it is invalid. If the judgment of the state court is not reversed, summary proceedings to compel the company to obey the order may be brought by the commission in the state court. § 74, Public Service Commission Law, c. 48, Consolidated Laws New York. And this court cannot say

that the facts shown would constitute a defense. The case is not moot. The motion to dismiss will be denied. Cf. *Brownlow* v. *Schwartz*, 261 U. S. 216, 217; *Levinson* v. *United States*, 258 U. S. 198, 202.

The company has long had the privilege of laying gas mains in the streets and other public ways of the town of Jamaica (now the Fourth Ward of the Borough of Queens) to distribute gas for street lighting and other purposes. It does not appear that any other utility is authorized to furnish gas there, and it is to be assumed that these communities are dependent upon this company for service. When reasonably required, the company is in duty bound to furnish gas to inhabitants of the territory covered by its franchise. *People ex rel. Woodhaven Gas Co.* v. *Deehan*, 153 N. Y. 528, 533. And the commission is empowered by statute to require reasonable extensions of the mains and service. § 66 (2), Public Service Commission Law, *supra*. In the territory already served by the company there are 150 consumers per mile of main. The sections for which service is ordered are residential communities. They have had water and electric service for many years. The houses already there, and those being built, are of a kind to indicate that, if brought within reach, gas will be used by the larger part of the inhabitants. There are good prospects of growth in the immediate future. The facts justify reasonable anticipation of a substantial and increasing demand for gas in the territory to be reached by the extensions.

Compliance with the order requires the addition of about 16 miles of main. The affidavits filed on the motion to dismiss show that, in two of the communities directed to be served, and in the adjacent territory, the company has laid about 30 miles of main since June 5, 1923. The state law fixes one dollar per 1000 cubic feet as the maximum rate, Laws of 1906, c. 125, § 1(2); and that rate was in force when the order was made. The

commission is without power to fix a higher rate.  § 72, Public Service Commission Law, *supra*.  The company's income applicable as a return on property was only $1,799.93 for the year in which the order was made. Without an increase of rate, the service ordered will further decrease net earnings.  It is stated in the company's brief that, in a suit brought by it in the United States District Court, it was found that the cost to the company per 1000 cubic feet for 1919 was $.9992; for 1920 was $1.095; and for three months of 1921 was $1.3042, and that, September 25, 1922, the court decreed the maximum rate to be confiscatory.

The court will not substitute its own judgment as to what extensions are reasonable for the determination of the commission.  *New York & Queens Gas Co.* v. *McCall*, 245 U. S. 345, 348.  But it will consider the advantages to result to the public from the extensions ordered; it will also consider the investment required to make the necessary additions to property, the cost of furnishing gas in the added territory, the effect of the new service upon the company's income as a whole; and, if it appears that the power to regulate was so used as to pass beyond the exercise of reasonable judgment and to amount to an infringement of the right of ownership, the order will be held invalid as repugnant to the due process clause.  Under the guise of regulation, the State may not require the company to make large expenditures for the extension of its mains and service into new territory when the necessary result will be to compel the company to use its property for the public convenience without just compensation.  *Atlantic Coast Line* v. *North Carolina Corp. Com'n*, 206 U. S. 1, 20, 23, *et seq.; Missouri Pacific Ry. Co.* v. *Kansas*, 216 U. S. 262, 276; *Chicago & Northwestern Ry. Co.* v. *Ochs*, 249 U. S. 416, 421; *Norfolk Ry.* v. *Public Service Commission*, 265 U. S. 70, 74.

It reasonably may be held that the location, present development and prospects of growth of the communities

ordered to be served justify the extension to them of gas service if a non-confiscatory rate can be obtained.

But the company construes the order to require it to sell gas in the added communities at the existing rate; and it insists that, as the rate is so low that present consumers must be served at a loss, the addition of new territory will increase the loss. Even assuming that one dollar, fixed as the maximum rate, is non-compensatory, it does not follow that the order in question is unreasonable or invalid. This case is to be distinguished from a suit to restrain the enforcement of legislation prescribing a confiscatory rate. Here, the rate is not involved. The order directs the extension; it does not deal with compensation. The commission reasonably might assume that the company will take appropriate steps to save its property from confiscation. *Newton* v. *Consolidated Gas Co.*, 258 U. S. 165, 174, 177. Indeed, it is said that the prescribed maximum already has been adjudged too low and confiscatory. The company's voluntary extension of mains to increase sales greatly impairs the weight of the contention that, because the cost of service exceeds the rate, the order is arbitrary. There is nothing to show that just compensation for the service ordered may not be had, or that compliance with the order will necessarily so reduce the company's income from its operations as a whole as to be in effect a confiscation of its property, or that, at rates not unreasonable or prohibitive, consumption of gas in the communities directed to be served will not be sufficient to yield a just return on the necessary additions. The company's contention cannot be sustained.

*Motion to dismiss denied.*
*Judgment affirmed.*