JOSEPH COOPERSTONE, Plaintiff, *v.* BROOKLYN EDISON COMPANY, INC., Defendant.

Supreme Court, Kings County, January 4, 1926.

Gas and electricity — injunction to compel removal of transformer erected by public service corporation on sidewalk opposite plaintiff's premises — defendant had authorization for erection of transformer — evidence does not warrant finding plaintiff, abutting owner, has suffered any damage by erection thereof — defendant entitled to judgment.

Plaintiff, an abutting property owner, opposite whose premises the defendant, a public service lighting corporation having a franchise for and supplying electricity throughout the neighborhood in which the plaintiff's premises are located, erected a transformer upon posts in the sidewalk near the curb and about fifteen feet from plaintiff's building, for use in furnishing electric current for street lighting and private consumption, cannot compel the removal of said transformer, notwithstanding the fact that no street lights are now being furnished by means of said transformer, where the proof does not warrant any finding that plaintiff has suffered any damage by the erection of the transformer; in the absence of proof of damage, an abutting owner cannot complain of the use of the street by any public service corporation.

ACTION by an abutting property owner, having no title to the bed of the street, for an injunction to compel the removal of transformers and a transformer pedestal erected by defendant, a public service corporation having a franchise for and supplying electricity in and throughout the borough of Brooklyn, within and near the curb line of Lakeland place, opposite plaintiff's premises.

*Siegel & Corn* [*Jacob H. Corn* of counsel; *Isaac Siegel* with him on the brief], for the plaintiff.

*Samuel F. Moran* and *John D. Monroe,* for the defendant.

CROPSEY, J. Plaintiff seeks to compel the removal of a transformer placed by defendant upon posts in the sidewalk opposite plaintiff's property. The posts are near the curb and about fifteen

feet from the plaintiff's building and the tops of them are about fourteen feet above the ground. It is necessary for defendant to use such instruments in furnishing electric current for street lighting and for private consumption. When the main feed wires are under ground as they are in the locality in question, the transformers usually are also there, but at this location the tide or subsurface water interferes with their operation when placed under ground and they can be operated properly and successfully only when elevated as they have been placed in this instance. Plaintiff urges that they could have been placed at some other place — in front of some other owner's property — but that cannot be the determining fact. If defendant was using these transformers to furnish street lights in the vicinity of them, there could not have been any complaint. The plaintiff does not own the fee of the street — that is in the city — and as defendant has all the official authorization required by law for the erection of the transformers, they could be maintained unquestionably if used for a street purpose. (Transp. Corp. Law, § 61, subd. 2; * *Palmer* v. *Larchmont Electric Co.,* 158 N. Y. 231. See, also, *Oelsner* v. *Nassau Light & Power Co.,* 134 App. Div. 281.) While it is conceded no street lights are now being furnished by means of these transformers, the defendant has the contract to light the streets in the vicinity with others, and the proof shows it contemplates making such use of these converters before long. Plaintiff could be denied relief for that reason. But there is no basis for a recovery by plaintiff, even if street lights are never to be furnished through these transformers. The proof does not warrant a finding that plaintiff has suffered any damage by their erection. True they do not add anything of beauty to the view, but they are so placed as not to obstruct in any real sense access to the property or interfere with the light and air. A witness claiming to be qualified to speak as an expert did say there had been a large depreciation in *rental* value because of the transformers, but the court cannot credit his testimony, even though it be undisputed. As plaintiff is not damaged and is only an abutting owner he has no cause of action. (*Halleran* v. *Bell Telephone Co.,* 64 App. Div. 41; affd., 177 N. Y. 533; *Post* v. *Hudson River Telephone Co.,* 76 App. Div. 621.) There must be damage suffered to give an abutting owner the right to a judgment. This is clearly shown by the cases. So it has been held that such an owner cannot complain of the use of the street by surface or steam railroads in the absence of proof of damage (*People* v. *Kerr,* 27 N. Y. 188; *Peck* v. *Schenectady R. Co.,* 170 id. 298; *Fobes* v. *Rome, W. & O. R. R. Co.,* 121 id. 505), but may of the erection of an

* Now Transp. Corp. Law, § 11, subd. 3.— [REP.

elevated road or a subway or a tramway used in building the latter, where damage is shown. (*Story* v. *N. Y. El. R. R. Co.,* 90 N. Y. 122; *Matter of City of N. Y. (New St.),* 215 id. 109; *Bradley* v. *Degnon Cont. Co.,* 224 id. 60; *Sinsheimer* v. *Underpinning & Foundation Co.,* 178 App. Div. 495.) The defendant is entitled to judgment, with costs. Defendant has submitted its findings. If plaintiff wishes to propose any, they may be submitted before January 9, 1926, when the requests of both sides will be passed upon.