In the Matter of the Application of the CITY OF BUFFALO, Respondent, under Section 90 of the Railroad Law, for an Order Determining the Manner in Which East Amherst Street in Said City Shall Cross the Railroad and Right of Way of the ERIE RAILROAD COMPANY and the Railroad and Right of Way of the NEW YORK, LACKAWANNA AND WESTERN RAILWAY COMPANY, Leased to and Operated by THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellants.

Fourth Department, May 8, 1935.

*Louis L. Babcock* and *S. Fay Carr*, for the appellant Delaware, Lackawanna and Western Railroad Company.

*William L. Marcy, Jr.*, for the appellant Erie Railroad Company.

*Gregory U. Harmon, Corporation Counsel [Fred C. Maloney, Assistant Corporation Counsel*, of counsel], for the respondent.

PER CURIAM. The proceeding is one under section 90 of the Railroad Law to determine the plan for the crossing of an extension of East Amherst street in the city of Buffalo and the railroads of the two appellant railroad corporations. The appeal is taken pursuant to the provisions of that section and of section 91. (See *Matter of Town Board of Royalton*, 138 App. Div. 412; *People ex rel. Woodhaven Gas Light Co.* v. *Public Service Commission*, 203 id. 369; affd., 236 N. Y. 530; affd., 269 U. S. 244.)

Error is sought to be predicated by the appellants upon several terms of the order.

*First*, it is urged that the provision to the effect that the subway drainage shall be included as part of the plan is indefinite. It is true that it is indefinite as to the plan of drainage to be adopted, but, in respect to the details of the plan, the order appealed from is in its nature interlocutory. The order contemplates the furnishing by the appellants of detailed plans, and when these plans are before the Commission questions of the character and extent of the drainage system will be before the Commission for determination. Therefore, it cannot be said that the indefiniteness of the provision in respect to drainage facilities affects the validity of the order appealed from.

*Second*, it is urged that the order contains no provision for paving, curbing, gutters and sidewalks within the scope of the project but outside the rights of way of the railroads. It appears, however, from the recitals in the order that the city has agreed that such street improvements shall not be considered a part of the project.

This relieves the railroads of any responsibility for the payment for such improvements. It may be that in the final order a clause will be inserted based upon the city's consent as recited in the order now before us that the city shall make such improvements at its own expense. This will come up hereafter for consideration by the Public Service Commission.

*Third,* it is urged that the order is defective in that it does not provide that half the cost of the crossing shall be paid by the city by reimbursing the railroads for the expense of one-half of the work done by each of them. Even without such a specific provision in the order, there can be no doubt of the city's obligation to make such payment under the terms of section 94 of the Railroad Law. Nor can there be doubt of the appellants' power to enforce the city's obligation in such respect. However, it may well be that the Commission, upon further consideration of the matter, will enter an order in accordance with the statute relating thereto.

*Fourth,* it is also submitted as ground of invalidity that the city has not taken the preliminary steps toward acquiring the property from private owners necessary for the improvement. Upon the determination by the Public Service Commission of the details of the crossing improvements, such steps can more appropriately be taken and we find no ground for invalidity in this respect.

The order should be affirmed, with ten dollars costs and disbursements.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Order affirmed, with costs.