Order denying application of appellant for a peremptory mandamus order directing respondent to issue a permit to appellant to erect and maintain poles and lines for the transmission of electricity in highways in the village of Old Brookville, or for an alternative mandamus order, unanimously affirmed, with $10 costs and disbursements. The village of Old Brookville, through its board of trustees, has the power, within reasonable limits, to regulate the construction of the transmission line which the appellant proposes to erect. (Transportation Corporations Law, § 11, subd. 3; Village Law, § 89, subd. 39; New York Tel. Co. v. Bd. of Education, 270 N. V. Ill; People ex rel. Woodhaven Gas Co. v. Deehan, 153 N. Y. 528; Matter of New York Independent Telephone Co., 133 App. Div. 635.) Even though the ordinance of the village does not expressly so provide, it is implicit that the village clerk, a ministerial officer under the direction and control of the board of trustees (Village Law, § 82), is not empowered to issue a permit in conjunction with the proposed construction without the approval of the board of trustees. The matter of regulation should be conducted directly between appellant and the board of trustees. Appellant is entitled, upon furnishing complete data with respect to its proposal, to a determination by such board of trustees which, if not one of approval, should include affirmative, reasonable, regulatory proposals rather than, merely, a flat rejection of the application. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Nolan, JJ.