CECIL DOVEL, APPELLEE, v. SCHOOL DISTRICT NO. 23 ET AL., APPELLANTS, WALTER WILHELM ET AL., INTERVENERS-APPELLEES.

90 N. W. 2d 58

Filed May 2, 1958. No. 34338.

*Bernard M. Spencer* and *Perry, Perry & Nuernberger,* for appellants.

*Wellensiek & Morrissey,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal from a judgment of the district court for Otoe County in an error proceeding in which it was determined that an order issued by the county superintendent of schools for Otoe County attaching all or part of school districts Nos. 23, 24, 45, 46, 59, 67, 79, 93, and 95 to school district No. 44, was null and void. The defendants in error in the district court have appealed.

Appellees have filed a motion to dismiss the appeal for the reason that by a subsequent proceeding the county superintendent of schools had entered an order attaching all or parts of school districts Nos. 24, 45, 67, 79, 93, and 95 to school district No. 44. It is contended that this is an acceptance of the judgment of the district court in the present action and precludes an appeal.

We think the ruling on the motion to dismiss the appeal is controlled by First Trust Co. v. Hammond, 139 Neb. 546, 298 N. W. 144, wherein we said: "The rule is well settled that one cannot accept or secure a benefit under a judgment, and then appeal from it, when the effect of his appeal may be to annul the judgment, unless his right to the benefit is absolute, and cannot possibly be affected by the reversal of the judgment. * * * It is the possibility that his appeal may lead to a result showing that he was not entitled to what he has received under the judgment appealed from that defeats his right to appeal. Where there is no such possibility, the right to appeal is unimpaired by the acceptance of benefits under the judgment appealed from."

The case of Bennett v. City of Emmetsburg, 138 Iowa 67, 115 N. W. 582, contains language that is applicable here. The court said: "The motion proceeds upon the assumption that the interests of the plaintiffs and ap-

pellants are joint, and hence that a settlement or adjustment with one must be given operation to conclude the others. There is nothing upon which to rest such an assumption. The interest of each lot owner is separate and distinct from that of every other. The plaintiffs are in court together only because the statute authorizes such a course to avoid a multiplicity of suits. And, because in such a case one of the plaintiffs may be dismissed, or shall withdraw from the case, it does not follow that the right of the others to be heard is thereby destroyed." See, also, People of State of New York ex rel. Woodhaven Gaslight Co. v. Public Service Commission, 269 U. S. 244, 46 S. Ct. 83, 70 L. Ed. 255; Stanhope v. Rural High-school Dist. No. 1, 110 Kan. 739, 205 P. 648.

In Jackson v. Denver Producing & Refining Co., 96 F. 2d 457, the court said: "A case will not be dismissed where only a part of the controversy has become moot and other questions remain for decision."

We conclude that the case is not moot and that the appeal cannot possibly operate to show that appellants are not entitled to any benefits received under the judgment from which the appeal was taken. The motion to dismiss is therefore without merit.

The record shows that on April 13, 1957, the county superintendent of schools held a hearing, after notice, to determine the validity and sufficiency of petitions on file to change the boundaries of school district No. 44 by including therein the territory within school districts Nos. 23, 24, 45, 46, 59, 67, 79, 93, and 95. The petitions filed were contingent upon enough rural districts filing petitions with sufficient signers to attach to school district No. 44 sufficient territory to bring the total assessed valuation of school district No. 44 and the districts to be included to at least $2,000,000 valuation based on the 1956 valuations for tax purposes. It is not disputed that the total assessed valuation so required, with-

out including school district No. 23, is less than the required amount.

It is contended that the petition filed by the petitioning electors of school district No. 23 does not contain the signatures of 55 percent of the legal voters of that district as required by section 79-402, R. S. Supp., 1955, and that the petition filed was therefore insufficient to authorize the county superintendent to attach school district No. 23 to school district No. 44.

The county superintendent found that there were 25 legal voters in school district No. 23 and that 15 legal voters signed the petition, and that 55 percent of the legal voters of the district had signed the petition as required by the statute. The district court found that there were 28 legal voters in school district No. 23 and that 15 legal voters had signed the petition, the same being less than 55 percent, and that such petition was therefore insufficient to authorize the county superintendent to attach school district No. 23 to school district No. 44. The validity of the petition filed by the legal voters in school district No. 23 is dependent on whether or not Clarence Pfeiffer, J. C. Crounse, and Lydia Crounse are legal voters of school district No. 23. It is stipulated in the record that Clarence Pfeiffer is a legal voter of the district. The question of the sufficiency of the petition is therefore dependent upon whether or not J. C. Crounse and Lydia Crounse were legal voters in school district No. 23.

The trial in the district court was heard de novo. Both parties offered evidence without objection. The trial court determined that J. C. Crounse and Lydia Crounse were legal voters in school district No. 23 upon the evidence thus adduced, and found, consistent with such determination, that the petition of school district No. 23 had an insufficient number of signers. We think it was error for the trial court to consider such evidence.

The hearing before the county superintendent of schools is a quasi-judicial hearing. The order of the

county superintendent is final unless a review is sought in a proper proceeding. Since the controlling statutes do not provide for an appeal, the only method of review is by a proceeding in error. An error proceeding has for its purpose the removal of the record from an inferior to a superior tribunal to determine if the judgment or final order entered is in accordance with law. It is in the nature of a new action in that a petition in error is required to be filed in accordance with section 25-1903, R. R. S. 1943, and a summons is required to be issued upon the written praecipe of the petitioner in error in accordance with section 25-1904, R. R. S. 1943. A transcript of the proceedings containing the final judgment or order sought to be reversed, vacated, or modified must be filed by the petitioner in error as required by section 25-1905, R. R. S. 1943. From the record so made, the appellate court must determine if errors of law occurred which require a reversal, vacation, or modification of the final judgment or order of the inferior tribunal. New evidence is not permitted in the appellate court to determine if errors of law occurred in the tribunal giving rise to the error proceeding. If no reversible error is found to exist, the appellate court is required to enter an affirmance in accordance with section 25-1909, R. R. S. 1943. Where reversible error is found in the record before the court, a judgment reversing the final judgment or order should be entered and certified to the inferior tribunal, except in cases where the statute authorizes the retention of the cause for trial on the merits as on appeal. See § 25-1910, R. R. S. 1943.

We think the taking of new evidence dehors the record before the county superintendent of schools was not consistent with the nature of the proceeding before the court and that such evidence may not be considered. To hold otherwise would have the effect of permitting an appeal where an appeal is not authorized. The question presently for determination is whether or not the

record of the proceedings before the county superintendent of schools discloses error as a matter of law.

There was evidence at the hearing before the county superintendent of schools indicating that the Crounses were legal voters in school district No. 23. The evidence was preserved in the form of minutes of the hearing which were contained in the transcript of the proceedings had before the county superintendent of schools. It is the rule, frequently announced by this court, that where evidence is required to establish an error of law by the inferior tribunal, it must be presented by a bill of exceptions. In the case of In re Estate of Vance, 149 Neb. 220, 30 N. W. 2d 677, we said: "It is elementary that in error proceedings from the county court to the district court, and upon appeal from the district court to this court, error cannot be predicated on the insufficiency of the evidence as a matter of law to support the findings and judgment of the court from which error was prosecuted, unless all the material relevant evidence was preserved in a bill of exceptions." This same rule was announced in Olsen v. Grosshans, 160 Neb. 543, 71 N. W. 2d 90, a case similar to the one presently before us. See, also, School Dist. No. 49 v. Kreidler, 165 Neb. 761, 87 N. W. 2d 429. Since it is necessary to show by evidence that J. C. Crounse and Lydia Crounse were legal voters in school district No. 23, and there is no evidence properly before the court, the finding of the county superintendent that J. C. Crounse and Lydia Crounse were not legal voters, must be affirmed. We stated the rule in Olsen v. Grosshans, *supra,* as follows: "Furthermore, when a question of the sufficiency of the evidence is involved in an error proceeding, the findings and judgment of the lower court should be affirmed by the district court and by this court upon appeal therefrom when all of the material and relevant evidence with reference thereto is not contained in a bill of exceptions and the transcript fails to disclose any error prejudicial to the party

prosecuting the error proceeding." We conclude that there is no evidence before this court which may properly be considered. It follows that there is nothing in the record to support a finding that J. C. Crounse and Lydia Crounse were legal voters, and therefore the trial court was in error in not affirming the order of the county superintendent on this issue.

In Schaub v. City of Scottsbluff, 164 Neb. 805, 83 N. W. 2d 775, it appears that this court considered evidence taken before the city council of the city of Scottsbluff which had been transcribed and attached to the petition in error. We disapprove the opinion in that case to the extent that it gives consideration to evidence taken before the inferior tribunal which was not preserved in a bill of exceptions.

The only question remaining, therefore, is whether or not errors of law are shown by the transcript of the proceedings held before the county superintendent of schools without regard to any evidence adduced at the hearing before the county superintendent of schools or in the trial in the district court.

On this question the transcript shows that the petition submitted on the part of the legal voters of school district No. 46 did not include the southwest quarter of Section 31 which was within the established boundaries of that district. The petition also included the statement that "Buses will transport the children of districts to school in Douglas." The transcript also shows that the petition submitted on the part of the legal voters of school district No. 95 did not include the southwest quarter of Section 19 which was within the established boundaries of that district. The petition also included the statement that "District 44 Otoe County, Nebraska will send a bus or buses into the district 95 area to pick up the children of the area and transport them to school in Douglas."

The accepting petition of school district No. 44 provides for the annexation of the whole of school districts

Nos. 46 and 95, among others. The petition makes no reference whatever to the transportation of children by bus from any district being annexed to school district No. 44.

The want of mutuality between the petitions of the legal voters in school districts Nos. 46 and 95 and the accepting petition of school district No. 44 have the effect of voiding the proceedings as between such districts. It must be assumed that the failure to include all the lands of school districts Nos. 46 and 95 in the petitions of the legal voters of such districts were inducements to the signers of the petitions from such districts. The accepting petition of school district No. 44 provided for the annexation of the whole of such districts. The want of mutuality in the petitions of the legal voters of school districts Nos. 46 and 95, and the accepting petition of the annexing school district No. 44, make the respective petitions fatally defective and deprive the county superintendent of jurisdiction to annex school districts Nos. 46 and 95 to school district No. 44. The provisions of the petitions submitted by the legal voters of school districts Nos. 46 and 95 with reference to the transportation of children from the area within school districts Nos. 46 and 95, without an acceptance by the petition of school district No. 44, likewise voids the proceedings as to such districts for want of mutuality.

We had this question before us in Olsen v. Grosshans, *supra,* wherein we said: "Such question has not been previously raised or adjudicated in this jurisdiction. However, there are authorities from other jurisdictions. As we view it, section 79-402, R. S. Supp. 1951, which authorizes creation of a new school district from other districts or a change in the boundaries of any district, contemplates mutuality of action by the districts affected and requires a concurrence of the respective petitions filed therefor in all material respects with regard to the changes requested therein, and unless the petitions of the separate districts affected concur in sub-

stantially the identical action requested, the county superintendent or superintendents are without jurisdiction or authority to act thereon."

We necessarily conclude that the petitions of school districts Nos. 46 and 95 are fatally defective for want of mutuality with the accepting petition of school district No. 44, and the county superintendent of schools therefore lacked jurisdiction to order the consolidation of these districts. The trial court having arrived at the same conclusion on this issue, the judgment of the district court holding the order of the county superintendent of schools under date of April 16, 1957, to be of no force and effect is correct, and the judgment is affirmed.

AFFIRMED.