Donald S. Taylor, J.
In this article 78 of the Civil Practice Act proceeding petitioner, a gas and electric corporation organized and existing under the Transportation Corporations Law and the successor to United Hudson Electric Corporation, seeks an order to compel the respondent Town Board to issue a street opening permit in connection with its construction of a high capacity interconnecting gas line through a public highway in the Town of Esopus. The application of the abutting owner to intervene and oppose the application herein, to which petitioner consents, is granted. The proceeding presents no factual issue.
It appears that by an instrument dated November 7, 1919 a franchise was granted by the then Town Board of said town to petitioner’s predecessor to “ lay and maintain pipes and conduits for the purpose of using, furnishing and supplying said service through, under and upon the streets, lanes, highways or other public places within the Town of Esopus, N. Y.” It further appears that the petitioner has the approval of the Public Service Commission for the construction of the main. Moreover, the suggested permit provides, among other things, that it will be granted subject to the conditions that the work which it authorizes shall be performed in a manner satisfactory to the Town Superintendent and that he may, upon the failure of the petitioner to comply with any of its conditions, revoke the permit and remove any pipe which has been placed in the highway pursuant to its terms.
The respondents contend that the franchise language contemplated only pipes necessary to furnish service within the town and not high pressure transmission lines for use by other localities. They further contend that because of the proposed construction of water and sewage lines by the municipality, the exact location, depth, manner and time of installation of petitioner’s main should be preceded by mutual agreement of the parties and that petitioner’s attitude has been arbitrary in this respect. In my judgment these contentions are unmeritorious.
The unambiguous language of the franchise did not limit either the operating pressure or the use of the mains and cannot be given such restrictive effect. It is well established that a gas main may not be excluded from the streets of a municipality because it is not to be supplied with gas from the proposed main. (Northern Westchester Light Co. v. Village of Ossining, 154 App. Div. 789, affd. 214 N. Y. 635; Matter of Long Is. Light. Co. v. Incorporated Vil. of South Floral Park, 158 N. Y. S. 2d 878.) Nor is it the prerogrative or within the province of the respondents to dictate where the line shall be located. The discretionary power of petitioner in that respect may not be questioned so *528 long as it acts in good faith and in accordance with valid regulations. (Matter of Consolidated Edison Co. v. Village of Briarcliff Manor, 208 Misc. 295, 300.)
The contention that in the course of discussions with the respondent board the petitioner withdrew its application for the permit is untenable. It appears that at the suggestion of the Town Superintendent of Highways petitioner’s representative took back the permit application for the purpose of adding thereon a street crossing and then redelivered the revised version to the Town Clerk.
The claim of the intervening abutting owner is likewise without merit. No injunctive relief is sought. Assuming arguendo that damage may result in the future to easements belonging to his property, nevertheless such a question is not germane to the issue here presented. (Cooperstone v. Brooklyn Edison Co., 128 Misc. 216.) Accordingly, the motion is granted.