In re Appraisement of Section Sixteen (16), Township Twenty-six (26) North, Range Fourteen (14), Holt County, Nebraska. Edgar Jungman et al., Appellants, v. Elmer Coolidge et al., Appellees.

58 N. W. 2d 828

Filed June 5, 1953. No. 33326.

*Francis D. Lee* and *Van Pelt, Marti & O'Gara,* for appellants.

*Julius D. Cronin,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH; JJ.

CARTER, J.

This is an appeal from the district court for Holt County. It involves the determination of the value of the improvements on school lands under lease in a situation provided for by section 72-240.06, R. R. S. 1943.

The record shows that Elmer Coolidge and Harry Coolidge were the owners of two school land leases on the north half and the south half, respectively, of Section 16, Township 26, Range 14, Holt County, Nebraska, which expired prior to May 12, 1952. On May 12, 1952, the Board of Educational Lands and Funds issued a new lease to Edgar and Elsie Jungman. The parties were unable to agree upon the value of the improvements and an appraisal was made by three county supervisors in accordance with section 72-240.06, R. R. S. 1943.

The appraisement fixing the value of the improvements at $2,996 was duly filed with the county treasurer of Holt County on or about June 2, 1952.

A petition designated as an appeal from appraisement was filed by the appellants Jungman on July 1, 1952. The appellees Coolidge filed a cross-appeal in which they asserted the value of the improvements to

be $3,500. The jury returned a verdict for $3,500, and the present appeal followed.

We point out that the statute, section 72-240.06, R. R. S. 1943, provided that the lessee or the new lessee, if dissatisfied with the appraisement, could appeal to the district court within 30 days after the filing of the appraisement. No mode or manner for perfecting such an appeal was provided by the Legislature. This defeats the right to an appeal for the reason that an appeal is a statutory right and the failure to provide a procedural method for lodging jurisdiction in the district court defeats any intention the Legislature may have had to grant an appeal. This identical question was determined in From v. Sutton, 156 Neb. 411, 56 N. W. 2d 441. The trial court therefore erred in treating the proceeding as an appeal. This being so, it was not proper to proceed by jury trial, and prejudicial errors, if any, committed during the course of the jury trial are therefore unimportant in the disposition of the case.

Where no method of review by appeal or otherwise is provided, proceedings in error afford the remedy. From v. Sutton, *supra*. In the instant case the procedure was not followed to secure a review by petition in error. See sections 25-1901 to 25-1910, R. R. S. 1943. Under such circumstances the district court did not have jurisdiction to hear and determine the case on appeal or by error proceedings. This court, likewise, is without jurisdiction to hear and determine the matter.

The judgment of the district court is reversed and the cause remanded with directions to the district court to dismiss the proceedings in that court in accordance with the holdings of this opinion.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.