IN RE APPRAISEMENT OF SECTION SIXTEEN (16), TOWNSHIP TWENTY-SIX (26) NORTH, RANGE FOURTEEN (14), HOLT COUNTY, NEBRASKA. EDGAR JUNGMAN ET AL., APPELLANTS, v. ELMER COOLIDGE ET AL., APPELLEES.

63 N. W. 2d 519

Filed April 2, 1954. No. 33501.

*Francis D. Lee* and *Van Pelt, Marti & O'Gara,* for appellants.

*Julius D. Cronin,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is the second appeal of this cause here. See

Jungman v. Coolidge, 157 Neb. 122, 58 N. W. 2d 828. We there held that the district court and this court were without jurisdiction to hear and determine the matter there presented.

Judgment was entered reversing the judgment of the district court and remanding the cause to the district court with directions to dismiss the proceedings. Mandate issued accordingly. The mandate was received and filed in the district court.

The trial court considered the mandate and found that the appeal should be dismissed, and so ordered, taxing costs to the appellants, and ordered execution upon demand of the appellees.

The trial court further found that it was without jurisdiction to hear the cause; that its former judgment was void; that the award made by the appraisers was valid; and ordered the award in the sum of $2,996 paid by the county treasurer of Holt County to the defendants Coolidge.

The trial court further found that the appellants Jungman had instructed the county treasurer not to pay said award to the Coolidges pending the appeal; that the Coolidges had offered to accept the same; that the Coolidges were not responsible for the delay in the payment; and that they were entitled to interest thereon from and after the date of its payment to the county treasurer. It entered judgment thereon for interest against the Jungmans and awarded execution on demand of the Coolidges.

Motion was made to set aside the judgment on the mandate and denied.

Appellants appeal assigning error in that the judgment on the mandate is contrary to the mandate.

The merit of the assignment is patent.

The rule is: "When a case is remanded by this court to the district court with directions for its disposition, the district court must obey and perform the

mandate of this court." Rhoades v. State Real Estate Commission, 153 Neb. 625, 45 N. W. 2d 628.

The judgment of the trial court is reversed and the cause is remanded with directions to comply with the mandate of the court in this cause dated June 26, 1953.

REVERSED AND REMANDED WITH DIRECTIONS.