NORMAN B. McDONALD, APPELLEE, v. RHEA RENTFROW, COUNTY SUPERINTENDENT OF SCHOOLS FOR SHERMAN COUNTY, NEBRASKA, ET AL., APPELLEES, IMPLEADED WITH HENRY THOMAS ET AL., APPELLANTS.

106 N. W. 2d 682

Filed December 16, 1960. No. 34833.

*Thomas W. Lanigan, Wellensiek & Weaver,* and *Richard L. DeBacker,* for appellants.

*Dier & Barton,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

The inception of the action here was an order of Rhea Rentfrow, county superintendent of schools of Sherman County, Nebraska, dissolving school district No. 3 in that county; attaching the territory thereof to school district No. 8, a neighboring district also in Sherman County; and distributing the assets of district No. 3 to district No. 8. Norman B. McDonald, a resident and taxpayer of district No. 3, filed a supersedeas bond and thereupon filed in the district court for Sherman County, Nebraska, what he termed a petition on appeal and also a transcript of the proceedings before the county superintendent which led to the order which has been mentioned. Thereafter other pleadings were filed.

These pleadings will receive further attention later herein.

The petition of Norman B. McDonald designated him as plaintiff on appeal. He is appellee here. Rhea Rentfrow, county superintendent of schools of Sherman County, was designated a defendant. Henry Thomas, president of the board of education of school district No. 8, and Fred C. Teichmeier and Anton Weiss, as representatives of the legal voters of school district No. 3, were also made defendants. There are other defendants but none of them is in an active capacity before this court. Furthermore none of the other named defendants was declared by the petition to have in point of pleaded fact an interest within the meaning of any pertinent statute in the subject matter before the county superintendent.

The only irregularities charged in the petition are that the hearing was had without giving persons affected an opportunity to present evidence as to the educational welfare, needs, and necessity of the children of school age in school district No. 3, and without giving due consideration thereto; and that the educational welfare, needs, and necessity of the children of school age in school district No. 3 of Sherman County, Nebraska, require that at least a portion of said school district No. 3 be attached to and made a part of school district No. 30 of Howard County.

The defendants who have been named herein filed an answer. The only part which appears pertinent on the questions presented here is a denial of the allegations of the petition not admitted to be true.

An answer and cross-petition was filed by one Cleo Quest, one of the defendants named in the petition but who has not been previously named herein. His answer and cross-petition are as president and representative of the board of education and as representative of the legal voters of school district No. 30 of Howard

County, Nebraska. By these pleadings no claim is made to any interest in the subject matter of this action.

The case came on for hearing in the district court where it was heard de novo on the pleadings and on evidence adduced in that court. It was tried as an action on appeal.

At the conclusion of the trial the district court ordered and adjudged that school district No. 3 of Sherman County, Nebraska, be dissolved; that a part thereof be annexed to school district No. 8 of Sherman County, Nebraska; that a part be annexed to school district No. 30 of Howard County, Nebraska; and that the money and funds of school district No. 3 in the hands of the treasurer of the district be distributed in proportion to the assessed valuation of the real estate annexed to each of the districts.

The defendants Thomas, Teichmeier, and Weiss, who will be referred to hereinafter as appellants, have appealed from the judgment of the district court to this court. In this appeal Norman B. McDonald is appellee. The object and purpose of this appeal is to cause the judgment of the district court to be reversed and to cause the order of the county superintendent to be restored to the effect therein declared.

The brief of appellants herein contains numerous assigned grounds for reversal but it appears that before considering any of them specifically the history and the present status and quality of the statutory provisions involved should be pointed out and sufficiently analyzed.

The order and the proceedings throughout, as is disclosed by the order itself and the proceedings in relation thereto, flowed from section 79-420, R. S. Supp., 1955. This becomes clear and indisputable from the transcript which came from the county superintendent to the district court and thence to this court, and the pleadings of the parties with their declarations and admissions.

The powers and duties conferred by this section, in-

sofar as they are pertinent for present purposes, are that the county superintendent of a county shall dissolve a school district; shall attach the territory of the district to one or more neighboring school districts; and shall distribute the assets of the closed district to the other district or districts in proportion to the assessed valuation of the property attached to such district or districts. The exercise of these powers is mandatory and dependent upon a situation where there are less than three legal voters residing in the district; a failure to maintain a public elementary school within the district in which are enrolled and in regular attendance for at least 155 days one or more pupils of school age residing in the district; or the district does not contract for the tuition and transportation of pupils of such district with another district or districts and have pupils attending such other school or schools regularly for at least 155 days under such contracts.

Before exercising the powers and duties the county superintendent is required to give at least 15 days' notice to the legal residents of the district. Notice may be by mail or by publication in a newspaper of general circulation in the area. Appeals may be taken from the action to the district court of the county.

The question of whether or not there were three or more voters in district No. 3 is not involved. It is the other conditions which are of concern.

This section of the statutes is not by declaration therein or elsewhere made to depend, on the basis of substance or procedure, on any other phase of the school laws. It pertains to a subject which is not related to other provisions for organization, reorganization, or transfer of properties or school privileges. It is separate and distinct from all of these and has been so separate and distinct from its historical beginning down to the present time.

The subject matter was first introduced by Laws 1897, chapter 62, page 308. The powers and duties there

declared were not the same as those contained in the present section. The present ones however have come by specific amendment over the intervening period. That chapter, except the last section thereof which was merely an emergency clause, became sections 11522 to 11528, Cobbey's Annotated Statutes for 1907. There was an amendment to section 11523 in 1909 which amendment has no controlling significance here.

In 1949 there was a recodification of the school laws and it was then that the subject matter here became section 79-420, R. S. Supp., 1949. It embodied minor and unimportant variations by amendments which need not be mentioned here. There was however one significant change.

Up to that time the powers and duties of the county superintendent were burdened with certain conditions and certain discretion was allowed. However by this amendment, or in legislative terminology, enactment, the duty of the county superintendent to dissolve districts and distribute assets in the light of the conditions pointed out as being a part of the present section became absolute without notice and without right of appeal.

In 1953 the section was amended but in no particular requiring mention herein. Laws 1953, c. 291, § 2, p. 989. This amended section was amended early in the session of the Legislature of 1955, but as was true of the 1953 amendment it was in particulars not requiring mention herein. Laws 1955, c. 308, § 1, p. 952.

Later in the 1955 session it was again amended. Laws 1955, c. 315, § 5, p. 975. By this amendment it became for the first time since 1949 the duty of the county superintendent to give at least 15 days' notice to the legal residents of the district by mail or by publication in a newspaper of general circulation in the area before taking action. By this amendment the right of appeal from the action of the county superintendent to the district court was also provided.

There was an amendment in 1959, but this has no

bearing on the present proceeding since it did not become effective and controlling until after the county superintendent had acted with reference to the subject matter of the present action.

The powers and duties which were conferred by this provision of the statutes are and were legislative powers. The Legislature could exercise these powers itself or delegate them. This subject is covered fully in Nickel v. School Board of Axtell, 157 Neb. 813, 61 N. W. 2d 566, where citations of other cases of like effect are noted. The opinion does not state specifically that these legislative powers may be delegated to county superintendents but from the context no other reasonable conclusion may be reached. It is pointed out that the delegation of such power must carry certain restrictions. In Schutte v. Schmitt, 162 Neb. 162, 75 N. W. 2d 656, the power is specifically declared. The restrictive power will be referred to later herein.

It was pursuant to the power delegated to county superintendents by this statutory provision that Rhea Rentfrow, county superintendent of schools of Sherman County, Nebraska, according to the transcript before this court, on July 30, 1959, gave due notice of a public hearing to be had on August 21, 1959, at 2 p.m., at her office in Sherman County, Nebraska, for the purpose of dissolving school district No. 3 and attaching the district in whole or in part to a neighboring district or districts; that a hearing was had at the time designated; that at the conclusion of the hearing district No. 3 was dissolved and annexed to district No. 8 in Sherman County, an adjacent district; and also at that time the assets of district No. 3 were transferred to district No. 8.

To avoid confusion it is pointed out here that no question is raised as to the propriety of the dissolution of district No. 3. In fact the petition on appeal which has been referred to declares that "the County Superintendent of Schools of Sherman County, Nebraska, had a duty to dissolve said district and attach the same to

one or more neighboring school districts." The only basic question which is or has been before the courts is the propriety of the attachment of all of district No. 3 to district No. 8.

It is of course apparent that this court is called upon to make a determination upon the propriety of the order of the county superintendent, the appeal therefrom, and the consequent judgment of the district court. This requires first ascertainment of the true significance and force and effect of the appellate proceeding from the action of the county superintendent.

As has already been made clear the appellee instituted his action by what he denominated "petition on appeal." In essence however it amounted rather to a petition in error. In From v. Sutton, 156 Neb. 411, 56 N. W. 2d 441, in dealing with a matter in which a dissatisfied party was given a right of appeal, it was said: "It seems self-evident that the Legislature intended, by the statute it enacted, to extend to any parties coming within the scope thereof the right to an appeal which would entitle them to a retrial of the whole cause but failed to provide any procedural method for lodging jurisdiction thereof in the district court. This failure of the statute to so provide defeats the right for, as already stated, the right to appeal together with the mode and manner thereof are purely statutory." This declaration was approved in Jungman v. Coolidge, 157 Neb. 122, 58 N. W. 2d 828. Accordingly it must be said that the appellate proceeding from the action was not an appeal.

In From v. Sutton, *supra,* it is pointed out that a proceeding denominated an appeal may, if legal requirements are met, be treated as a proceeding in error. It appears that the essential requirements have been met in this case, and it is held that the pretended appeal from the action of the county superintendent was properly a proceeding in error. It is suggested in the brief of appellee, although not directly urged, that by the de-

cision in Roy v. Bladen School District No. R-31, 165 Neb. 170, 84 N. W. 2d 119, the rule does not obtain here. The answer to that is that in that case the statute being interpreted along with the declaration of the right of appeal also prescribed the procedure therefor. See § 79-403, R. R. S. 1943.

This question has been made the basis of an assignment of error by the appellants in this court. The appellee urges that it is not available for consideration for the reason that it was not presented by motion for new trial. This contention may not be sustained. This court said in Barney v. Platte Valley Public Power & Irr. Dist., 144 Neb. 230, 13 N. W. 2d 120: "Appellate jurisdiction of a case cannot be conferred upon a court by any action of the parties. The want of such jurisdiction may be taken advantage of at any stage of the proceedings. An appellate court cannot pass on the merits of a case falling within its appellate jurisdiction unless its jurisdiction is invoked in the manner prescribed by Constitution or statute." See, also, Roberts v. City of Mitchell, 131 Neb. 672, 269 N. W. 515; From v. Sutton, *supra;* Jungman v. Coolidge, *supra.*

A proceeding in error must come to the appellate court on petition in error and a transcript. §§ 25-1903 and 25-1905, R. R. S. 1943; From v. Sutton, *supra.*

It is required that the petition shall contain the assignments of errors complained of. § 25-1903, R. R. S. 1943. It is required that the transcript shall contain the final judgment or order sought to be reversed. § 25-1905, R. R. S. 1943.

In an error proceeding in the district court where a finding and judgment is the basis of the proceeding, the finding and judgment should be affirmed where there is an absence of a bill of exceptions containing the material and relevant evidence, and where the transcript fails to disclose any prejudicial error. Olsen v. Grosshans, 160 Neb. 543, 71 N. W. 2d 90.

No bill of exceptions was presented to the district

court, hence there was no evidence to examine for the purpose of determining whether or not the order of the superintendent was in point of fact erroneous. There was nothing therefore except the transcript to which reference was available to ascertain whether or not there was error.

It is also true that the record fails to disclose that any objections were filed or otherwise taken to the proceedings leading to the hearing by the county superintendent or at the hearing itself. Also there is no record of any exception taken thereafter and presented to the county superintendent. The first step taken was the filing of the "petition on appeal."

In the light of this the district court had only the transcript from which to ascertain whether or not the order of the county superintendent was erroneous. The rule is that the transcript on appeal imports absolute verity and is the exclusive evidence of the proceedings. In re Estate of Bednar, 151 Neb. 242, 37 N. W. 2d 195; Kennedy & Parsons Co. v. Schmidt, 152 Neb. 637, 42 N. W. 2d 191; Segebart v. Gregory, 160 Neb. 64, 69 N. W. 2d 315; Johns v. Carr, 167 Neb. 545, 93 N. W. 2d 831.

The opinion in Dovel v. School Dist. No. 23, 166 Neb. 548, 90 N. W. 2d 58, makes it clear that this rule is applicable in cases such as this one.

As has been pointed out the petition which was filed in the district court by the appellee charged two irregularities on the part of the county superintendent. They will be referred to here as assignments of error. The first is that the hearing was had without giving persons affected an opportunity to present evidence as to educational welfare, needs, and necessity of the children of school age in school district No. 3, and without giving due consideration thereto.

This contention is on the record without merit. There is no bill of exceptions and nothing in the nature of exceptions or otherwise in the transcript to support it. Instead of there having been no hearing the transcript

declares directly to the contrary, and, as pointed out, it is not shown that any effort was ever made before the county superintendent to lay a foundation for impeachment of what appears in the transcript. The transcript must be accepted as true.

The second assignment is that the educational welfare, needs, and necessity of the children of school age in school district No. 3 of Sherman County, Nebraska, require that at least a portion of school district No. 3 be attached to and made a part of school district No. 30 of Howard County.

There is nothing in the statutory provision under which the county superintendent acted, or its antecedent history which has been described, which required her to do less or more than was done by her. She did and performed according to the mandate of the statute. The exactions which the appellee would impose are not to be found in this statutory provision or in the area of its operation. It is of course true that such exactions are contemplated by other statutory provisions and procedures but they are foreign to this statute.

What was done here was in the exercise of legislative power properly delegated by the Legislature to the county superintendent. Nickel v. School Board of Axtell, *supra*. In pursuance of this delegated power the county superintendent could do what was done by the order in question without the consent and over the protests of residents or taxpayers in the district. See, Nickel v. School Board of Axtell, *supra;* Schutte v. Schmitt, *supra*.

This being true it was the duty of the district court to overrule the exceptions contained in the petition in error. It thereupon became the duty of the court to affirm the action of the county superintendent and the duty of the clerk of the district court to certify the decision to the county superintendent. See, Dovel v. School Dist. No. 23, *supra;* § 25-1909, R. R. S. 1943.

The judgment of the district court is therefore re-

versed and the cause remanded with directions to affirm the action of the county superintendent which affirmance shall be certified by the clerk of the district court to the county superintendent.

REVERSED AND REMANDED WITH DIRECTIONS.

SIMMONS, C. J., participating on briefs.