RICHARD BIERMAN ET AL., APPELLEES, V. ANNE CAMPBELL, APPELLANT.

124 N. W. 2d 918

Filed November 22, 1963. No. 35470.

McFadden & Kirby, for appellant.

Bernard Ptak, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is an appeal from an order of the district court for Madison County enjoining the dissolution of School District No. 14 of Madison County and its attachment to School District No. 5 of Madison County. The action was brought by Richard Bierman and School District No. 14 of Madison County, Nebraska, who will hereinafter be designated either as plaintiffs or as school district No. 14. The defendant, Anne Campbell, county superintendent of schools of Madison County, who will hereinafter be referred to as county superintendent, perfected the appeal to this court.

For the school year 1962-1963, and for the 5 preceding years, school district No. 14 contracted with school district No. 5 for the education and instruction of pupils of school district No. 14.

Subsection (4) of section 79-486, R. S. Supp., 1961, provides in part as follows: "All the contracts, referred to in subsections (1), (2), and (3) of this section, shall be in writing and copies of all such contracts must be filed in the office of the county superintendent on or before August 15 of each year. The form of such contracts shall be prescribed by the Commissioner of Education. School districts, thus providing instruction for their children in neighboring districts, shall be considered as maintaining a school as required by law. * * * Provided, that the county superintendent shall dissolve and attach to a neighboring district or districts any school district which, for five consecutive years contracts for the instruction of its pupils, except that in instances where such dissolution shall create extreme hardships on the pupils or the district affected, the State Board of Education may, on application by the school board of the district and the recommendation of the county superintendent of the county in which the district is located,

annually waive the requirements of this subsection;
* * *."

Pursuant to subsection (4) of section 79-486, R. S. Supp., 1961, the State Board of Education, on application of the school board of school district No. 14 and the recommendation of the county superintendent, waived in writing the requirements for the school year 1962-1963.

On November 30, 1962, the county superintendent caused notice to be given to all the legal voters of school district No. 14 of a hearing to be held December 22, 1962, the purpose and intent of which was the dissolution of school district No. 14 and its attachment to school district No. 5.

On December 19, 1962, petitions filed by 79 percent of the legal voters of School District No. 31 of Madison County, Nebraska, and 78 percent of the legal voters of school district No. 14, were submitted to the county committee for school district reorganization of Madison County pursuant to section 79-402, R. S. Supp., 1961. These petitions called for a change of the boundaries of school district No. 31 so as to annex and include in school district No. 31 the area of school district No. 14.

On December 21, 1962, on petition of the plaintiffs, the county superintendent was enjoined from holding the hearing scheduled for December 22, 1962.

On January 4, 1963, the county superintendent caused another notice to be given to the legal voters of school district No. 14 of a hearing to be held January 26, 1963, the purpose and intent of which hearing was the dissolution of school district No. 14 and its attachment to school district No. 5.

A supplemental petition for an injunction was filed by school district No. 14 on January 22, 1963. The county superintendent filed an answer the same day. Hearing was had January 22, 1963, on a written stipulation of facts. The court found for the plaintiffs and entered a decree permanently enjoining Anne Campbell, county

superintendent of schools, and her successors in office, from proceeding according to the provisions of section 79-486, R. S. Supp., 1961, until and unless it was finally determined that the petitions referred to in the stipulation of facts executed by the purported legal voters of school district No. 14 and school district No. 31 do not as a matter of fact constitute at least 55 percent of the legal voters of each district.

The issue actually tried was whether or not the county superintendent could be enjoined from dissolving school district No. 14 according to the provisions of subsection (4) of section 79-486, R. S. Supp., 1961, after the State Board of Education, on application of school district No. 14 and the recommendation of the county superintendent, waived the requirements for the school year 1962-1963, until such time as the taxpayers of said school district had been given an opportunity to exhaust their rights under section 79-402, R. S. Supp., 1961.

Section 79-402, R. S. Supp., 1961, provides for the change of boundaries of any district upon petitions signed by 55 percent of the legal voters of each district affected. The stipulation of facts states that 79 percent of the legal voters of school district No. 31 and 78 percent of the legal voters of school district No. 14 signed the petitions, so for the purpose of this discussion the petitions must be considered as in full compliance with the statute.

Under section 79-402, R. S. Supp., 1961, the county committee for school district reorganization is required to submit the proposal embraced in the petitions within 40 days to the state committee for school district reorganization for review. The state committee must, within 40 days, review the proposal and return it with any recommendations deemed advisable to the county committee. The county committee is then required to conduct a proper hearing at which the recommendations of the state committee are presented to the legal voters in attendance. Thereafter, the county superintendent

shall then hold a hearing to determine the validity and sufficiency of the petitions, and, if found sufficient, the county superintendent is required to proceed to effect the changes in the district boundary lines as set forth in the petitions.

The waiver of the requirement of subsection (4) of section 79-486, R. S. Supp., 1961, is not made by the county superintendent but by the State Board of Education. The State Board of Education acts on the application of the school district and the recommendation of the county superintendent. This waiver, when once granted, restricts the right of the county superintendent to dissolve the school district under subsection (4) of section 79-486, R. S. Supp., 1961, during the school year covered by the waiver.

The county superintendent argues that the powers and duties of the county superintendent conferred by subsection (4) of section 79-486, R. S. Supp., 1961, insofar as it applies to this case, are mandatory and dependent upon a situation where the district has contracted at least 5 years for the education of its pupils. We have no quarrel with this statement if a waiver is not involved. However, the waiver, having been granted for the 1962-1963 school year, had exactly the same effect as if the 1962-1963 school year were the fifth rather than the sixth consecutive year of contract instruction. The county superintendent could not have taken action in the fifth year. The waiver having been granted for the school year of 1962-1963, the county superintendent had no right to dissolve the district under subsection (4) of section 79-486, R. S. Supp., 1961, during the year covered by the waiver.

Defendant argues that the act of a county superintendent in dissolving a school district is legislative in character and not subject to injunctive relief. The obvious answer is that whatever authority a county superintendent may have must be exercised strictly within the terms and conditions of the law. The Legislature

cannot delegate legislative authority to an individual. It can prescribe the terms and conditions which may bring into operation a dissolution or consolidation of school districts. This is the legislative act. It then can authorize the county superintendent to determine if the facts exist which call the law into operation. See, Rowe v. Ray, 120 Neb. 118, 231 N. W. 689, 70 A. L. R. 1056; Lindgren v. School Dist. of Bridgeport, 170 Neb. 279, 102 N. W. 2d 599.

It is true that injunctive relief will not, in the absence of an abuse of discretion, issue to control the acts of school boards and county superintendents within the limits of the powers conferred on them. However, unlawful acts or acts beyond the scope of the powers of such officers may be enjoined where there is no other adequate remedy available, on the complaint of one whose property rights will be irreparably injured thereby.

Here, the waiver having been granted for the school year 1962-1963, there was no authority for the county superintendent to proceed under section 79-486, R. S. Supp., 1961. Consequently, she was attempting to exercise authority she did not possess to deprive the vast majority of the voters of school district No. 14 of their legal right to proceed under section 79-402, R. S. Supp., 1961. Plaintiffs were entitled to injunctive relief.

The judgment of the trial court in enjoining the county superintendent from proceeding under section 79-486, R. S. Supp., 1961, is correct and should be and hereby is affirmed.

AFFIRMED.