129 N.W.2d 255 (1964)
177 Neb. 431
BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 30 OF GAGE COUNTY, Nebraska, et al., Appellants,
v.
M. G. WINNE, County Superintendent of Schools of Gage County, Nebraska, et al., Appellees.
No. 35671.
Supreme Court of Nebraska.
June 26, 1964.
*256 Vasey & Rist, Beatrice, for appellants.
Merrell L. Andersen, Beatrice, Betty Peterson Sharp, Nebraska City, for appellees.
Heard before WHITE, C. J., and CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.
YEAGER, Justice.
This is an action in equity wherein the Board of Education of School District No. 30 of Gage County, Nebraska, and Orville Weber and Walter Unvert, plaintiffs and appellants, seek injunctive relief against M. G. Winne, Superintendent of Schools of Gage County, Nebraska; Carl C. Gawart, Superintendent of Schools of Otoe County, Nebraska; Lloyd D. Halsted, Superintendent of Schools of Johnson County, Nebraska; the county treasurers, assessors, and clerks respectively of Gage and Otoe Counties; and Melvin Nieveen and Marjorie Nieveen, husband and wife, residents upon the northeast quarter of Section 30, Township 7 North, Range 9 East of the 6th P. M., in Otoe County, who are legal voters of School District No. 46 in Otoe County, Nebraska, the purpose of which is to enjoin the action of defendant Gawart as county superintendent of Otoe County in effecting a dissolution of School District No. 46 in Otoe County, and the action of the three named county superintendents in effecting a transfer of the old district and the addition of it to districts in Gage and Johnson Counties.
Issues were joined and the case was tried to the court at the conclusion of which the court found generally in favor of the defendants and against the plaintiffs, and by its judgment dismissed the petition of the plaintiffs.
The plaintiffs filed a motion for new trial and asserted as grounds therefor that the judgment was contrary to the evidence and not sustained by sufficient evidence, and that it was contrary to law. From the judgment *257 and the order overruling the motion for new trial the plaintiffs have appealed.
By the assignments of error in the brief on appeal the plaintiffs assert that the trial court erred in not finding for the plaintiffs and against the defendants and in not rendering judgment for the plaintiffs; that the court erred in dismissing plaintiffs' petition; and that the court erred in failing to sustain plaintiffs' motion for new trial.
In this case there is no material dispute as to any question of fact. The named defendants have not either by pleading or evidence disputed the material allegations of fact contained in the petition filed by plaintiffs.
The facts summarized out of which the determination of whether or not the court erred in its decision that the plaintiffs were not entitled to the injunctive relief which they sought are as follows: On or about May 1, 1962, the defendant Gawart was county superintendent of Otoe County, Nebraska, in which was located School District No. 46. In this district was the area of real estate which has already been described herein and in it there were pupils of school age. All such pupils were sent to other districts and tuition paid for their instruction for more than 5 years. He proceeded pursuant to the terms of section 79-486, R. S.Supp., 1961, and section 79-420, R.S. Supp., 1961, to dissolve the district and attach the area in part to other districts in adjacent counties. He gave due and proper notice within the district of his intention to dissolve the district, and on June 4, 1962, held a meeting the purpose of which was to consider dissolution. No notice was given to parties in adjacent counties or districts and in particular he gave no notice to the county superintendent or anyone in Gage County. The meeting was held but the superintendent of Gage County did not attend.
After the meeting was held a dissolution order was prepared which by its terms became effective July 5, 1962. This order was signed by each of the county superintendents. By this order a portion of School District No. 46 in Otoe County was attached to School District No. 30 of Gage County, Nebraska, a part to another district in Otoe County, and a part to a district in Johnson County, and in the order provision was made for an equal and proportionate basis for distribution of the assets and liabilities of the dissolved district among the districts to which the area was attached.
This was, according to the record, the final act of Gawart on dissolution of School District No. 46 in Otoe County, and also the attachment of portions thereof to other districts. There has been no appeal or anything in the nature of an application for appellate review of these proceedings by anyone in any capacity. The appeal here is for review of a judgment of the district court wherein a collateral attack upon the action of the defendant county superintendents was denied.
Before considering the merits of the pleaded cause of action, if they shall require consideration, it becomes necessary to ascertain the question of whether or not the plaintiff Board of Education of School District No. 30 of Gage County, Nebraska, could legally maintain the action. This question was not presented by pleading. It was however presented by motion at the commencement of the trial and is presented by the brief of the appellees.
It is the position of this court however that this being an action regarding attachment of territory to a school district, the district is without power to maintain action to question the action of the county superintendent in the matter. In Halstead v. Rozmiarek, 167 Neb. 652, 94 N.W.2d 37, it was said: "In reference to the assertion of appellees that the proposed change of boundaries would affect the Baker district because it would deprive it of a part of its territory and this would result in a decrease of the amount and value of the taxable property in the district and would cause an increase of the tax burden *258 upon the remaining property therein, it may be appropriately said that notwithstanding the statute provides that a school district is a body corporate, possesses the usual powers of a corporation for public purposes, and may sue and be sued, it is the firmly established law of this state that a school district may not maintain an action involving a change in the boundaries of a school district. A school district in this state has no territorial integrity. It is subject to the reserve power of the state exercised through administrative authority to change its territory according to current educational needs and good educational principles. The state may change or repeal all powers of a school district, take without compensation its property, expand or restrict its territorial area, unite the whole or a part of it with another subdivision or agency of the state, or destroy the district with or without the consent of the citizens." See, also, Bierman v. Campbell, 175 Neb. 877, 124 N.W.2d 918.
On the question of jurisdiction this court said in McDonald v. Rentfrow, 171 Neb. 479, 106 N.W.2d 682: "The absence of jurisdiction of the district court may be taken advantage of at any stage of the proceedings."
In this light it appears that the plaintiff Board of Education of School District No. 30 of Gage County was without power to attack directly what was done with regard to the matter of change of school district territorial limits.
On the question of whether or not this plaintiff or the other plaintiffs were entitled to maintain this injunctive and collateral action this court said in Bierman v. Campbell, supra: "Injunctive relief will not, in the absence of an abuse of discretion, issue to control the acts of school boards and county superintendents within the limits of the powers conferred on them.
"Unlawful acts or acts beyond the scope of the powers of such officers may be enjoined where there is no other adequate remedy available on the complaint of one whose property rights will be irreparably injured thereby."
As is axiomatic, if the school district could not be a party to such an action it could have no right to appellate review of the adjudication in the action.
As to the two other plaintiffs, if it be assumed that they could be and were proper parties to contest the action of the county superintendents, or any of them, under the foregoing authority a collateral attack by injunction was not available except in the absence of any other remedy.
There was however no absence of other remedy. That remedy was that which was afforded to them as interested parties. Sections 25-301 and 25-311, R.R.S.1943. As interested parties they had the remedy, if they were entitled to relief, of appeal from the action of the county superintendents in dissolving the school district in Otoe County and attaching the area to other districts in the three counties. They made no effort to take advantage of the remedy thus afforded.
The right of appeal of these two plaintiffs as parties with the right of appeal is sustained by what was said in McDonald v. Rentfrow, supra, and Bierman v. Campbell, supra.
Section 79-402, R.S.Supp., 1961, and succeeding sections of statute, not necessary to be mentioned here, provide the basis for what was done by the county superintendents with reference to the dissolution of School District No. 46 and the attachment of its area to other districts. In the definition of the right to complain of the exercise of such rights, in Lindgren v. School Dist. of Bridgeport, 170 Neb. 279, 102 N.W. 2d 599, it was said: "A valid order of a county superintendent, made pursuant to section 79-402, R.R.S.1943, is final as to all matters properly determined by it, unless a review thereof is sought, and as to such matters it is not subject to collateral attack."
*259 In the case here there was a determination properly made in regular proceedings. No review was sought by the individual plaintiffs and in consequence of this they are without right to maintain this action for injunction. The other plaintiff was without right to become a party plaintiff.
Further it may well be said that it could not collaterally attack the action taken since such a right could flow only if the action taken was wholly void and not merely erroneous. See Lindgren v. School Dist. of Bridgeport, supra.
The judgment of the district court is therefore affirmed.
Affirmed.