CARL EBBERSON ET AL., APPELLEES, V. SCHOOL DISTRICT No.
64 OF CEDAR COUNTY, NEBRASKA, APPELLANT.
141 N. W. 2d 452

Filed April 8, 1966.   No. 36161.

Ginsburg, Rosenberg, Ginsburg & Krivosha and David W. Curtiss, for appellant.

Duane K. Peterson, for appellees.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and BURKE, District Judge.

SPENCER, J.

This is an appeal from the granting of an application to transfer land from School District No. 64 of Cedar County, Nebraska, a nonaccredited high school district, to School District No. 41-R of Cedar County, a fully accredited high school district, in a proceeding filed under subsection (2) of section 79-403, R. S. Supp., 1963.

The appeal is perfected by School District No. 64, hereinafter designated as appellant.   Carl Ebberson and Frances Ebberson, hereinafter referred to as appellees, raise the question of the legal capacity of the appellant to appeal.   We have held that a school district having no territorial integrity may not maintain an action involving a change of boundaries of the school district.

Board of Education v. Winne, 177 Neb. 431, 129 N. W. 2d 255. However, appellees' objection was not raised in the trial court but is asserted in this court for the first time. In Hinze v. School Dist. No. 34, 179 Neb. 69, 136 N. W. 2d 434, we held that when the question of want of legal capacity to sue is not raised by demurrer or answer in the trial court, it is waived and cannot be considered on appeal.

This case was tried on a stipulation of facts. There is no question the appellees meet all of the criteria set out in section 79-403 (2), R. S. Supp., 1963, to entitle them to the transfer of their property from a nonaccredited high school district to an accredited high school district.

Appellant's amended answer raised two issues. The first is a plea of res judicata, which is not raised in this appeal and has been abandoned. The second issue concerns the constitutionality of section 79-403 (2), R. S. Supp., 1963.

While this appeal was pending herein, we filed the opinion in De Jonge v. School Dist. of Bloomington, 179 Neb. 539, 139 N. W. 2d 296. We there determined the identical issues raised by appellant in the district court adverse to its contention, and held section 79-403 (2), R. S. Supp., 1963, to be a constitutional enactment. De Jonge v. School Dist. of Bloomington, *supra,* is controlling on the issue of the constitutionality of section 79-403 (2), R. S. Supp., 1963.

Appellant's assignments of error in this court only inferentially question the constitutionality of section 79-403 (2), R. S. Supp., 1963, but in several specific assignments appellant attempts to raise the constitutionality of section 79-1247.02 (2), R. R. S. 1943, on the theory that it is the statute providing the procedure for accreditation.

Appellant argues that since section 79-403 (2), R. S. Supp., 1963, makes detachment of school lands dependent upon the fact of accreditation, that accreditation becomes determinative of the ability to detach one's real

estate from a school district, and that it is therefore proper for appellant to inquire whether the accreditation procedure is in conformance with constitutional requirements. The difficulty with appellant's position is that the constitutionality of section 79-1247.02 (2), R. R. S. 1943, was not pleaded, considered, or raised in any manner in the district court, nor is it raised in any manner in the appellant's motion for new trial. The constitutionality of section 79-1247.02 (2), R. R. S. 1943, is raised for the first time in this court on appeal. It therefore is not before us for determination. The rule is well established that an issue not presented in the trial court may not be raised for the first time in the Supreme Court. Jones v. Village of Farnam, 174 Neb. 704, 119 N. W. 2d 157.

For the reasons given, we determine there is no merit to appellant's assignments, and the judgment herein is affirmed.

AFFIRMED.