FRED PLISCHKE ET AL., APPELLEES, v. CHARLES ARVENNE JAMESON AND GENE B. JAMESON, EXECUTORS OF THE ESTATE OF CHARLES A. JAMESON, DECEASED, APPELLANTS.
152 N. W. 2d 119

Filed June 23, 1967.   No. 36587.

O. A. Drake, for appellants.

Dier & Ross, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an appeal from the judgment of the district court entered on the mandate of this court after an appeal from an earlier judgment of the district court. The prior appeal is reported in 180 Neb. 803, 146 N. W. 2d 223. The defendant is now deceased and the executors of his estate have been substituted as the defendants in the action.

The defendants contend that the judgment on the mandate fails to conform to the mandate. It is fundamental that the district court must obey and perform the mandate of this court. Jungman v. Coolidge, 158 Neb. 504, 63 N. W. 2d 519.

The mandate made the opinion of this court a part of the mandate and provided that this court found "no error in that part of the judgment of the district court as to the location of the public road and the effect of its vacation as well as quieting of title in the defendant to the area along the east 734 feet of said public road and in this respect said judgment is affirmed." The mandate further provided that this court did find "error in that part of the judgment relating to the width and location of the prescriptive road and in this respect said judgment is reversed and the cause remanded with directions to enter judgment in conformity with the opinion of this court."

Where the mandate incorporates the opinion of the court by reference, they should be construed together to determine the meaning of the mandate. Ruehle v. Ruehle, 169 Neb. 23, 97 N. W. 2d 868.

The opinion in the former appeal stated: "We determine further that title should be quieted in the defendant to all land south of the fence line not actually embraced in the public road or in the prescriptive road as described above. This would include any portion up to 3 feet of the area paralleling the fence line on the south after it leaves the public road."

The judgment on the mandate provides in part that the title to an area 3 feet in width and "north of the fence for the distance of 734 feet west of the center of the section line" should be quieted in the defendant. This part of the judgment is erroneous and should be deleted. There is no basis in this action upon which the defendant could obtain title to land north of the fence line.

The judgment on the mandate further provides in part: "The land over which the prescriptive road runs is quieted in the plaintiffs, subject only to its use for travel by the public." This part of the judgment is erroneous to the extent that it includes any of the area south of the fence. See Woehler v. George, 65 Wash. 2d 519, 398 P. 2d 167. It also should be deleted.

The judgment should be modified by deleting that part of the judgment which quiets title in the defendant to any area north of the fence line, and in the plaintiffs to any area south of the fence line.

The judgment as modified is affirmed.

AFFIRMED AS MODIFIED.