Nicholas W. GOLUBA, Jr., and June
E. Goluba, Plaintiffs–Appellees,

v.

James W. GRIFFITH, Jr., and Mary
Farver Griffith, Defendants–
Appellants.

No. 90CA1479.

Colorado Court of Appeals,
Div. IV.

Dec. 5, 1991.

Rehearing Denied Jan. 9, 1992.

Certiorari Denied June 1, 1992.

Nicholas W. Goluba, Jr., Glenwood
Springs, for plaintiffs-appellees.

Peter Van Domelen, P.C., Peter Van Do-
melen, Basalt, for defendants-appellants.

Opinion by Judge HUME.

Defendants, James W. Griffith, Jr., and
Mary Farver Griffith, appeal from the final
judgment and decree establishing a public
roadway 32 feet wide across their lands in
Eagle County. Plaintiffs, Nicholas W. Go-
luba, Jr., and June E. Goluba, own the
adjacent property to the north and, togeth-
er with other members of the public, have
used the roadway historically for access
from the county road to the area north of
defendants' property. We affirm.

After a trial to the court in December
1985, the trial court determined that the
road had been used adversely by the gener-
al public since 1915 with no objection by
the previous owners until 1979, when de-
fendants' predecessors acquired the proper-
ty. At the time this action was com-
menced, members of the public continued
to use the road. Accordingly, the trial
court concluded that the road was a public
highway pursuant to § 43–2–201(1)(c),
C.R.S. (1984 Repl.Vol. 17) and that the
highway had not been abandoned. The
trial court further concluded that defen-
dants' property interest was subject to the

public highway. Defendants have not appealed from those rulings.

In its order of April 1, 1986, the trial court expressly reserved jurisdiction until an accurate description of the location and width of the public highway could be prepared and submitted to the court for incorporation into a final decree. The order also provided that, if the parties were unable to agree upon an accurate description, the court would conduct a supplemental hearing and take additional evidence to establish the highway's location and width.

Subsequently, the parties agreed upon a description of the center line of the highway but were unable to agree upon the highway's width. Pursuant to the previous order, a hearing was held on May 10, 1990, at which the trial court considered additional evidence.

In its final judgment, the court determined that ten feet on either side of the center line should accommodate the historical use of the traveled portion of the roadway and permit safe passing of vehicles going in opposite directions. The court further determined that, *to accommodate the historical use of the highway*, an additional six feet on either side of the traveled portion were required for support, drainage, maintenance, and repairs. Accordingly, the trial court decreed that the highway's width extended 16 feet from either side of the center line.

Defendants contend that the judgment must be reversed because the evidence did not establish adverse use of a roadway 32 feet wide for its entire course. We do not agree with this contention.

■ The width of a public highway acquired by prescription must be limited in the decree to that established by the public use. *Lovvorn v. Salisbury*, 701 P.2d 142 (Colo.App.1985); *Goerke v. Town of Manitou*, 25 Colo.App. 482, 139 P. 1049 (1914). However, a highway's width is not limited to the actual beaten path but extends to such width as is reasonably necessary to accommodate the established public use. *Olson v. Bonham*, 212 Neb. 548, 324 N.W.2d 260 (1982); *Leo M. Bertagnole, Inc. v. Pine Meadow Ranches*, 639 P.2d

211 (Utah 1981); *see also* Annotation, *Width and Boundaries of Public Highway Acquired by Prescription or Adverse User*, 76 A.L.R.2d 535, at § 5 (1961); 39A C.J.S. *Highways* § 20(b), at 704–705.

■ Thus, the width of a highway acquired by adverse use is a question of fact to be determined by the character and extent of the use, and, depending upon the evidence, it may be more or less than the width of a public highway as defined by statute. *See Olson v. Bonham, supra;* 39A C.J.S. *Highways* § 20(b), at 706.

■ The sufficiency, probative effect, and weight of the evidence, and the inferences and conclusions to be drawn therefrom are within the province of the trial court. *People in Interest of A.J.*, 757 P.2d 1165 (Colo.App.1988). Thus, the findings of the trier of fact must be accepted on review unless they are so clearly erroneous as not to find support in the record. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

■ Here, the evidence at trial established, and the trial court found in its first decree, that, historically, members of the public traveled the road on foot, on horseback, by carriage, and in motor vehicles. The road was used by ranchers to check, tend, and move their stock. The road was also used for commercial purposes including the transportation of agricultural products, logs, poles, and lumber.

In its final decree, the trial court also found that vehicles using the highway passed each other from time to time and that some of the vehicles, including lumber transporters and agricultural wagons, had overhung their wheels outside the beaten path. The court also found that, although the traveled portion of the highway varied from six to fourteen feet, a distance even twice the width of the existing tire tracks would be inadequate to accommodate the historical use of the highway.

At the May 1990 hearing, plaintiffs' two road design experts testified that a right-of-way 50 feet wide was the absolute minimum necessary to maintain the highway to accommodate the historic uses found by

the trial court. However, the trial court determined that no evidence showed an historical need for a width greater than 16 feet on either side of the center line.

We conclude that the trial court's findings and conclusions are supported by the range of evidence in the record, the permissible inferences to be drawn therefrom, and the applicable law.

Accordingly, the judgment is affirmed.

PLANK and MARQUEZ, JJ., concur.